NEWTON G. GABRIEL, PLAINTIFF-RESPONDENT. v. MASON
ART, INCORPORATED, DEFENDANT-APPELLANT.

Submitted June term, 1923—Decided January 10, 1924.

**Service of Process—On Secretary of State in Case of Corpora-
tions Having no Agent or Principal Officer—Such Service
Good in Cases of District Courts' Actions.**

On appeal from the First Judicial District Court of Hud-
son county.

Before Justices KALISCH and KATZENBACH.

For the appellant, *Insley, Vreeland & Decker* (*Hamilton
Cross,* of counsel).

For the appellee, *William F. Burke.*

PER CURIAM.

The state of the case, agreed upon between counsel of the
respective litigants, presents the following facts: "A judg-
ment by default was entered on the 27th day of September,
1922. An application to reopen the same was presented and
an order for the reopening of such judgment signed on the
3d day of October, 1922, a copy of which affidavit and order
are attached hereto and made part thereof."

The affidavit is made by the president of the appellant com-
pany and in substance sets out that he was informed a judg-
ment was entered against the appellant company; that he was
in charge of the offices of the company in New York City
and never received notice of the pending action and that no
one else in the employ of the company received any notifica-
tion to his knowledge of the pending cause, and that if any
such communication had been received in the office of the

company in New York it would have come to his attention since he had personal charge of the mail in the office.

That in the month of June, 1922, a similar action was commenced in the same court by the plaintiff and that upon this occasion summons was served upon the secretary of state on the ground that there was no registered agent within the state; that the defendant has a good and valid defense to the within action, and that the matter was at one time tried upon its merits, in the Second District Court of Jersey City and dismissed at that time for the reason that the plaintiff herein did not prove any damage upon his claim; "that this affidavit is being made for the purpose of reopening the judgment entered heretofore by default as aforesaid."

The order made on the affidavit was as follows: "It is on this 3d day of October, 1922, ordered that judgment heretofore entered in the within stated cause by default be reopened, and the matter placed on the calendar for Thursday, October 12th, 1922. And it is further ordered that there be reserved to the defendant such motions as may be made in its behalf, regarding service of summons and to the jurisdiction of this honorable court."

The state of the case continues: "Under the terms of such order the case was placed on the calendar for trial on the 12th day of October, 1922; said day being a legal holiday the matter was placed on the calendar for trial on the 19th day of October. The judge of the court was not present on that day, at two P. M., the time set for trial, and the matter was adjourned to October 26th. The judge notified the parties to the cause that he would not sit on that day, and the matter was again adjourned to November 1st. At the request of the attorney for the plaintiff-appellee the matter was again adjourned to November 8th, at which time the case was tried.

"Upon the opening of the case the attorney for the defendant-appellant moved to dismiss the summons on the ground that the defendant was a corporation and that service was made by reading the summons to Thomas F. Martin, secretary of state, and delivering to him a copy thereof, and

that said service was bad because the office of the secretary of state is in Trenton, New Jersey, and the limits of the District Court for the First Judicial District of the county of Hudson are the geographical limits of Hudson county, which county does not include the city of Trenton.

"The trial judge overruled the motion of the attorneys for the defendant-appellant on the ground that there was no special appearance entered, and that the attorneys for the defendant-appellant were appearing generally and could not make such a motion.

"The case proceeded to trial and resulted in a judgment in favor of the plaintiff-appellee and against the defendant-appellant in the sum of $165, together with costs of $12.05.

"Exception to the court's ruling upon the denial of the motion to dismiss the summons was prayed and granted."

The record shows that there was a trial had upon the merits—two witnesses sworn on the part of plaintiff-appellee and two witnesses were sworn on the part of the defendant-appellant, one of which was the president of the defendant company.

The single question argued and relied on in the brief of appellant's counsel and as stated therein "relates to the validity of the service of the summons and as to whether the decision of the trial court in refusing to dismiss the summons on the ground that service was improper was correct."

The appellant company, as appears by the record, is a domestic corporation. It is practically conceded that at the time of the service of the summons upon the secretary of state the company's office was in the city of New York, and that it had no designated agent in this state upon whom summons could be served. The contention is that notwithstanding the situation referred to the service of the summons upon the secretary of state was without lawful authority because such service could only be properly made at Trenton, in the county of Mercer, and as the District Court's territorial jurisdiction is limited to the confines of Hudson county, therefore the service was nugatory.

By section 43a of the Corporation act (2 *Comp. Stat., p.* 1626) process against a corporation in the situation, as was the present appellant company at the time of service, could be properly served upon the secretary of state.

The statute is general in its terms and expressly refers to the service of process against corporations in the condition described by the statute, and, therefore, it seemss to us that it can make no difference what the territorial limits of the jurisdiction of the court may be, so long as it has jurisdiction of the subject-matter in controversy, process issuing out of such court may be served as directed by the statute. To take any other view would require us to read into the statute a provision that it should only apply to process issuing out of the Supreme Court. The territorial jurisdiction of both the Circuit and Common Pleas Courts is limited to the counties in which such courts are. Such a construction would tend to defeat the plain legislative intent.

We think, therefore, the process issuing out of the District Court, and served upon secretary of state, was a proper service.

But even upon an assumption that there was no proper service of the summons, nevertheless the fact that the court had jurisdiction of the subject-matter, and the defendant appeared and went to trial upon the merits of the case, constituted a waiver of any jurisdictional defect in the service of the process.

And this would be so even though there was a special appearance as to the motion to dismiss for want of jurisdiction by reason of lack of proper service of process.

In *McGuiness* v. *McGuiness,* 72 *N. J. Eq.* 381, Chief Justice Gummere, speaking for the Court of Errors and Appeals (at *p.* 384), says: "I have no criticism of the rule which declares that a defendant, who in one breath challenges the jurisdiction of the court in a pending suit, and, in the next, asks relief against the plaintiff on the merits in the same litigation, submits himself generally to the jurisdiction, for I can imagine no more potent act of submission by a party defendant in a pending suit than the asking that

affirmative judicial action be taken in his behalf for meritorious reasons." See, also, *Laura* v. *Puncerelli et al.,* 91 *N. J. L.* 38.

In the present case the defendant company by its president, in his affidavit, which is made a part of the state of the case for the purpose of having the judgment by default opened, based his application not only upon the ground that there was a lack of proper service, but also upon the ground that the defendant had a meritorious defense, and the case was subsequently tried upon its merits.

For the views expressed herein the judgment of the District Court is affirmed, with costs.