STANDARD ACCIDENT INSURANCE COMPANY, A CORPO-
RATION, PROSECUTOR, v. LEONE RUSSO, HONORABLE
JOSEPH A. FURREY, AND JAMES J. McALLISTER, DE-
FENDANTS.

Submitted October 17, 1931—Decided May 31, 1932.

Before Justices TRENCHARD and DONGES.

For the prosecutor in *certiorari, Collins & Corbin (Edward
A. Markley* and *James B. Emory,* of counsel).

For the defendant in *certiorari* Leone Russo, *Heller & Boss
(Aaron Heller,* of counsel).

PER CURIAM.

This writ of *certiorari* brings up for review a judgment of
the Clifton District Court in favor of the plaintiff below,
Leone Russo, against the Standard Accident Insurance Com-
pany, the prosecutor of this writ.

Two questions are argued: First, whether the service upon
the Standard Accident Insurance Company was valid, and
secondly, if not valid, was it cured by an appearance? We
find it unnecessary to determine the first question in view of
our conclusion upon the second question.

The defendant was a foreign insurance corporation and
the plaintiff below claims to have served it in accordance with
the provisions of the Insurance act. *Pamph. L.* 1902, *ch.*
134, § 59, *subdivision* 3, and section 64 as amended. No one
appeared upon the return day and judgment was entered in
favor of the plaintiff on March 9th, 1931. Thereafter, on
March 17th, application was made by the defendant company

for a rule to show cause why a new trial should not be granted, which application was denied. The company now contends that it applied for the rule on the ground that there was no proof of service of process, while, on the other hand, the plaintiff contends that it was made solely upon the ground that a default judgment was taken which it was sought to open.

We are unable to find any basis in the state of the case for the defendant company's claim that the application for the rule was upon the ground that there was no proof of service of process, and we think that the application for a rule to show cause by the defendant bars the defendant from questioning the validity of the service.

The docket entries returned by the clerk of the District Court do not furnish the slightest basis for the defendant company's claim.

The depositions in connection with the writ contain the testimony given by the judge of the District Court as to what transpired upon the application for a rule to show cause. The judge states what occurred at the time application was made for a rule and in this way:

"*Q.* Judge, will you tell us to the best of your recollection as to what happened on the application of the rule to show cause? *A.* To be candid with both sides, I would not want to trust my memory or to state to you gentlemen what was said excepting that I know that an application was made before me and there was a discussion between counsel. It does, however, appear quite clear in my mind that Mr. Heller made a statement of this tenor: That if to grant a new trial were to be an accommodation to Mr. Emory, or to the firm which he represented, that he would consent to the same, but otherwise not. That fact, or those facts, do seem to stand out quite clearly in my mind, but as to the rest of the detail or discussion had before me, unless my attention is specifically directed to any part of the application, my memory is more or less hazy and not clear. *Q.* Judge, do you recall at time the application for the rule was made, whether any mention was made of the fact and whether the grounds of the

rule were that the service was bad? *A.* I haven't any such recollection."

If, however, it appeared (which we think it does not) that both the merits of the controversy and the question of service were presented to the court at the time application was made, still under the decisions it is clear that the application in such form bars the defendant.

In the case of *Gabriel* v. *Mason Art, 2 N. J. Mis. R.* 50; 125 *Atl. Rep.* 125, the court said:

"I have no criticism of the rule which declares that a defendant, who in one breath challenges the jurisdiction of the court in a pending suit, and in the next, asks relief against plaintiff on the merits in the same litigation, submits himself generally to the jurisdiction, for I can imagine no more potent act of submission by a party defendant in a pending suit than the asking that affirmative judicial action be taken in his behalf for meritorious reasons." See, also, *Ennis* v. *Eden Milla Paper Co., 65 N. J. L.* 577; 48 *Atl. Rep.* 610.

The writ of *certiorari* will be dismissed, with costs.