HUDSON COUNTY CIRCUIT COURT.

PETER MAKOHON AND MICHAEL SIMBALA, PLAINTIFFS,
v. MILLERS NATIONAL INSURANCE COMPANY, A COR-
PORATION, DEFENDANT.

Decided March 3, 1934.

For the plaintiffs, *Turteltaub & Turteltaub*.

For the defendant, *Lionel P. Kristeller*.

BROWN, C. C. J. The defendant moves to set aside the
service of a summons and complaint in the above entitled
cause on the ground that the service was improperly made.
In the complaint venue is laid in the Hudson County Circuit
Court and it is alleged that the defendant company issued a
policy of insurance in June, 1933, to the plaintiffs insuring
them against loss by fire to personal property; that the prop-
erty was destroyed by fire and under the terms of the policy
the defendant is liable for the loss which it refuses to pay.
The service endorsed on the summons discloses that the
sheriff of the county of Mercer on the 28th day of December,
1933, effected service by leaving a copy of the summons and
complaint with the commissioner of banking and insurance

of the State of New Jersey, at Trenton, New Jersey, with the service fee of $2. The Corporation act (2 *Comp. Stat.* 1910, *p.* 1626, § 43a), provides in part that:

"* * * in case the agent of any such corporation designated by any such corporation as the agent upon whom process against the corporation may be served shall die, or shall resign, or shall remove from the state, or such agent cannot with due diligence be found, it shall be lawful, while such default continues, to serve process against any such corporation upon the secretary of state, and such service shall be as effective to all intents and purposes as if made upon the president or head officer of such corporation * * *."

Under an act entitled "An act to provide for the regulation and incorporation of insurance companies and to regulate the transaction of insurance business in this state" (2 *Comp. Stat.* 1910, *p.* 2855, § 59), it is required that a foreign insurance company shall file its certificate of organization with the department of banking and insurance and by filing such certificate the company shall thereby:

"* * * constitute the commissioner of banking and insurance and his successor in office its true and lawful attorney, upon whom all original process in any action or legal proceeding against it *may be served* and, therein shall agree that any original process against it which *may be served* upon said commissioner shall be of the same force and validity as if served on the company, and that the authority thereof shall continue in force irrevocable so long as any liability of the company remains outstanding in this state; the service of such process shall be made by leaving a copy of the same in the office of the commissioner of banking and insurance with a service fee of $2 * * *."

In the case *sub judice* the commissioner of banking and insurance was appointed the statutory agent of the defendant upon whom process may be served as required by statute. In the case of *Valentine* v. *Franklin Surety Co., Inc.,* 11 *N. J. Mis. R.* 822; 168 *Atl. Rep.* 35, a writ of *certiorari* was presented to the Supreme Court to review the question of the refusal of the District Court of the city of Orange to set aside the service of a summons upon the commissioner of banking

and insurance as attorney for two foreign corporations doing business in this state. In that case it was stated that:

"The record does not disclose that process was served as required by the statute. 2 *Comp. Stat.*, p. 2855, § 70 (3) and *p.* 2857, § 64."

It was also held that the process which the commissioner, as attorney may accept, is the process which "may be served" and "is served" and that the jurisdiction of the District Court of Orange was co-extensive with the confines of the county of Essex and that process of that court did not run into the county of Mercer. Evidently what was intended in the Valentine case where reference is made to section 70 of the Insurance act, was to refer to section 59 of that act as section 70 of the Insurance act provides for the filing of annual statements and does not relate to service of process. The constitution of the State of New Jersey, section 5, article 6 (1 *Comp. Stat.*, p. 1106), provides in part as follows:

"The Circuits shall be held in each county of this state, by one or more of the justices of the Supreme Court, or a judge appointed for that purpose; and shall in all *cases within the county,* except in those of a criminal nature, have common law jurisdiction concurrent with the Supreme Court; * * *."

The question of jurisdiction of county courts was clearly discussed by Chief Justice Beasley in the case of *Dufford* v. *Decue,* 31 *N. J. L.* 302. In referring to the constitutional provision concerning the jurisdiction of county courts he said:

"And yet, by the force of this rather indefinite language, it was never supposed that either the Common Pleas or the county Circuits were possessed of any more than a concurrent common law jurisdiction with the Supreme Court, within the limits of their respective counties in the ordinary line of actions, *inter partes.* It is certain that no greater power than this was ever claimed for them. In a defined measure they each shared, practically, with the Supreme Court, a portion of its ordinary jurisdiction and this was all, for, so far as is known, no attempt was ever made to bring before either of these tribunals any matter which was not embraced within the limit of this power. * * * I think, therefore, that it is

clear that at the time the new constitution was framed, these general terms, so often used in conferring on the local courts a partial jurisdiction co-extensive with that of the Supreme Court, had acquired a definite and settled meaning, and that such meaning was, that the inferior courts shall have a concurrent cognizance over actions arising within the county, in the usual course of law between the parties."

The service of process in the case *sub judice* is comparable to the service effected in the Valentine case, *supra,* and will be set aside for the reasons stated in that case. In arriving at this decision the court is mindful of the decision of the New Jersey Supreme Court in the case of *Gabriel* v. *Mason Art, Inc., 2 N. J. Mis. R.* 50; *125 Atl. Rep.* 125. The appellant company in that case was a domestic corporation and it was practically conceded at the time of the service of the summons on the secretary of state that the company's office was in the city of New York and that it had no designated agent in this state upon whom summons could be served. Suit in that case was brought in the District Court for the First Judicial District of the county of Hudson. The contention was made that notwithstanding service of process upon the secretary of state it was made without lawful authority because such service could only be properly made at Trenton in the county of Mercer as the District Court's territorial jurisdiction was limited to the confines of Hudson county. The court held that the statute (2 *Comp. Stat.* (1910), *p.* 2855, § 43a) was general in its terms and refers to service of process against corporations in the condition described by the statute and that it made no difference what the territorial limits of the jurisdiction of the court may be, so long as the trial court has jurisdiction over the subject-matter in controversy and to construe the statute as limiting the service of the territorial jurisdiction would defeat the plain legislative intent. It further appeared in that case that the question of jurisdiction was waived by the appearance of the parties and the trial of the case on its merits. The Gabriel case can be distinguished in some particulars from the case *sub judice.* In the latter case there was no trial on the merits and there was no general appearance that would amount to a

waiver of any jurisdictional defect in the service of process. Section 43a of the Corporation act (2 *Comp. Stat., p.* 1626) refers to a situation that is different from that expressed in section 59 of the Insurance act. 2 *Comp. Stat., p.* 2855. Section 43a of the Corporation act provides for service being effected where the agent upon whom process may be served shall die, or shall resign or shall remove from the state or such agent cannot with diligence be found. The effect of section 43a of the Corporation act is that where there is no agent in the state representing the corporation process may be served upon the secretary of state. Under section 59 of the Insurance act, a different situation is presented. There the commissioner of banking and insurance is designated as the agent upon whom process *may be served* at the very time of the company being authorized to do business in this state. Section 43a of the Corporation act is remedial in its nature and general in its terms while section 59 of the Insurance act refers particularly to the appointment of a statutory agent or "lawful attorney" designated to represent the insurance company. Regardless of any opinion this court might have concerning the distinguishable points in the cases to which reference has been made it is the duty of this court to avoid an application of a principle of law that will tend toward uncertainty and confusion and to be guided and controlled by the latest decision of the upper court. 15 *C. J.* 956. This is particularly true where the latest decision deals with precisely the same statutory subject-matter as involved in the question presented for determination.

The motion to set aside the service of the summons will be granted.