SECOND DISTRICT COURT OF PATERSON.

WILBUR MacPHAIL AND NATHAN J. FINEMAN, PLAIN-
TIFFS, v. BARNETT NASSAU, DEFENDANT.

Decided March 30, 1936.

For the plaintiffs, *Rubinson & Bornstein.*

For the defendant, *William V. Rosenkrans* and *A. Leo
Bohl.*

ROSENSTEIN, J.  This is a motion to set aside service of
the summons and dismiss the above action, on the ground
that the territorial jurisdiction of this court is within the
boundaries of the county of Passaic, and that, therefore, ser-
vice on the commissioner of motor vehicles in Trenton is
invalid, inasmuch as Trenton is not within the territorial
limits of Passaic county.  In considering the motion, I have
come to the following conclusions:

1. The case of *Bischoff* v. *Schmidt,* 133 *N. Y. Misc.* 293,
cited by the defendant, has no bearing on the present ques-
tion.  A reading of that case discloses that the City Court,
whose process was there involved, is a constitutional court,
with territorial jurisdiction limited to the county in which
the court is set up.  It follows, therefore, that even if the
legislature expressly conferred on that court jurisdiction to
serve process outside of the county, such legislative enactment
would be invalid.

2. District Courts in New Jersey are not constitutional courts. They are the creatures of the legislature, which may, therefore, assign them such territorial jurisdiction as it may see fit. By the act creating them, District Courts have a limited territorial jurisdiction, namely, the boundaries of the county, in which they are set up. Nevertheless, the legislature may, in a limited number of cases, or in all cases, increase this territorial jurisdiction.

3. The question presented is whether by the statute creating the commissioner of motor vehicles the agent of nonresident owners and drivers of automobiles for the acceptance of process, the legislature meant to enlarge the jurisdiction of this court. I am cited the case of *Gabriel* v. *Mason Art*, 2 *N. J. Mis. R.* 50; 125 *Atl. Rep.* 125. The authority of that case for the proposition that service upon the commissioner in Trenton is valid is lessened considerably by the fact that the Supreme Court admitted that, in that case, defendant, after challenging the jurisdiction of the court below, went to trial on the merits of the case. Upon that ground alone, the Supreme Court was justified in affirming the judgment of the lower court.

It is true that the Supreme Court also says (although this seems unnecessary to its affirmance) that the service upon the secretary of state was valid. I have always doubted the soundness of this view. The court in that case, was construing section 43 (a) of the Corporation act. 2 *Comp. Stat.*, *p.* 1626. While the language of that section is general, "it shall be lawful, * * * to serve process against any such corporation upon the secretary of state," nevertheless, the section ought to be read as a whole, and then it will be found that the statute was remedial. The statute being remedial, what was the defect it was designed to remedy? It was intended to cover the situation where a default was existing, namely, the failure of either a domestic corporation or foreign corporation authorized to transact business in this state, to designate an agent for the service of process, or where such agent was designated, but had died, resigned or removed from the state. While such default continued, the secretary

of state was to be considered such agent. If the default did not exist, obviously a summons from a District Court could not go outside of the county in which the court was set up, even though the designated agent of the corporation resided in another county. When, therefore, the corporation had no agent for the service of process, the remedial statute designated the secretary of state for that purpose, and to make the remedy effective, it was not necessary to make it broader than in cases where there was no default by the corporation, unless the legislature expressly said it should be broader, and section 43 (a), *supra,* of the Corporation act does not expressly provide that process from the District Court shall, in such event, be capable of service outside of the county. For this reason, I doubt the soundness of *Gabriel* v. *Mason Art, supra,* as authority for the proposition that the process of this court served upon the commissioner of motor vehicles in Trenton is valid.

4. The statute here involved is chapter 69 of the laws of 1930 (*Cum. Supp. Comp. Stat.* 1924-1930, *p.* 1048, § 135-96a (1) as amended by chapter 69 of the laws of 1933, page 129 (*N. J. Stat. Annual* 1933, *p.* 264, § 135-96a(1). By this legislation, the commissioner of motor vehicles is made the agent of any non-resident owner of an automobile, who accepts the privilege of driving his automobile in New Jersey, for the acceptance of process in any civil suit in this state. Obviously, if there were no such statute, and if a foreign automobile owner designated an agent in this state for service of process, such service would be valid only if made in a county where the court, out of which the process emanated, had territorial jurisdiction. Thus, if such agent resided in Trenton, process from this court could not be served upon him there. The fact that the statute designates the agent to be served cannot enlarge the territorial jurisdiction of this court.

As was said in *Valentine* v. *Franklin Surety Co.,* 11 *N. J. Mis. R.* 822; 168 *Atl. Rep.* 35, "the process which the commissioner, as attorney, may accept is the process which 'may be served' and 'is served.'

"The jurisdiction of the District Court was co-extensive with the confines of the county of Essex, and its process did not run into the county of Mercer."

And see *Makohon* v. *Millers National Insurance Co.*, 12 *N. J. Mis. R.* 282; 171 *Atl. Rep.* 513.

There being nothing in the statute authorizing service of process on the commissioner of motor vehicles to show clearly that the legislature intended to enlarge the territorial jurisdiction of District Courts for the service of summons in this class of cases, but that it simply intended to designate an agent for service of summons, the motion will be granted.