The following is the opinion of Judge Hartshorne in the Law Division of the Essex County Court:
"Defendant moves, under Rule 3:12-2, to dismiss the complaint for lack of jurisdiction over the person of defendant, and for insufficiency of service of process on defendant. Defendant, a nonresident motorist, was served by service of process on the State Motor Vehicle Commissioner, in Trenton, with notice mailed thereafter to him at defendant's residence outside the State in accordance with the statute (R.S. 39:7-2) as amended to meet the constitutional objection adjudicated in Wuchter v.Pizzutti, 48 S.Ct. 259, and thereafter held valid in Cohen v.Plutschak, 40 Fed.2d 727.
"The statute provides that such service on the Commissioner `shall be of the same legal force and validity as if served upon' the nonresident. But the Essex County Court, like its predecessor, the Essex Common Pleas, has jurisdiction only within Essex County. (New Jersey Constitution, article VI, section IV,sub. 1; P.L. 1948, chapter 365; Rule 5:2-2.) The provisions of Rule 3:4-3 do not apply to County Courts. Hence no service of process in this court outside Essex County is valid.
"Since the service on the Commissioner of Motor Vehicles was invalid, the theoretic service on the nonresident, which has by statute `the same legal force and validity,' is equally invalid. This has been expressly held by our Supreme Court, under the same statute, as to the District Courts, which similarly have jurisdiction county-wide only. Wall Rope Works, Inc., v.Sperling, 116 N.J.L. 449; McPhail v. Nassau,14 N.J. Misc. 292.
"True, there is some force to plaintiffs' contention that in providing for such substituted service, the Legislature did not intend to restrict such service only to process which was good *Page 318 
in Mercer County, as alluded to in Gabriel v. Mason Art, Inc.,2 N.J. Misc. 50, decided by our Supreme Court, construing the similar provisions of our Corporation Act. But not only was this holding not necessary for the decision of such case, as the court there expressly states, but this case must be deemed overruled, at least as to the Motor Vehicle Act, by our Supreme Court's later decision in the Sperling case, supra, itself binding upon this court. Nor is Gender v. Reyburn, 15 N.J. Misc. 704; affirmed, 119 N.J.L. 243, to the contrary. Recourse to the record shows that the instant point was not even presented to the court there for consideration.
"In view of the fact that our Legislature, shortly after theSperling decision, widened the District Court jurisdiction so as not to limit all District Court suits against nonresident motorists to Mercer County (R.S. 2:32-34.1), the Legislature might well desire its attention called to the need for a similar amendment covering County Courts.
"Defendant's motion is granted."
The judgment under appeal is affirmed for the reasons expressed in the opinion of Judge Hartshorne in the Essex County Court. In the construction of a similar statute in New York, the same result was reached. Gruber v. Wilson et al., 276 N.Y. 135,11 N.E.2d 568 (Court of Appeals 1937); 125 A.L.R. 457, 473. *Page 319