WALL ROPE WORKS, INCORPORATED, A CORPORATION, PLAINTIFF-APPELLANT, v. FRED SPERLING, DEFEND-ANT-APPELLEE.

Submitted May 15, 1936—Decided June 4, 1936.

Before Justices BODINE and HEHER.

For the plaintiff-appellant, *Samuel T. French, Jr.,* and *Samuel T. French.*

For the defendant-appellee, *Bayard Allen* and *Ralph W. Haines.*

BODINE, J. The appellant brought an action in the First Judicial Court of the county of Burlington. The action arose out of a collision which occurred October 18th, 1935, between a truck owned by the plaintiff and a truck owned by the defendant, a non-resident. It occurred on route No. 25 at Parry, New Jersey. The District Court process was forwarded to the commissioner of motor vehicles, who, at the direction of counsel for the plaintiff, forwarded a copy of the summons and complaint to J. Guy Bell, sheriff of Upper Marlboro, Maryland, who served the defendant personally at his home at Hyattsville, Maryland.

The District Court set aside the service of process and the plaintiff appeals. *Pamph. L.* 1933, *ch.* 69, *p.* 129, in part provides, that non-resident operators of motor vehicles by the acceptance and the operation of motor vehicles within the State of New Jersey constitute the commissioner of motor vehicles, agent for the acceptance of any process in any civil suit or proceeding by any resident of this state against the operator or the owner of such motor vehicle, arising out of or by reason of any accident or collision occurring within this state. The acceptance of the privilege or the operation of the motor vehicle amounts to an agreement that the process which is *so served* shall be of the same legal force and validity as if served personally. The statute expressly provides that: *"Service of such process shall be made* by leaving the original and a copy of the summons and complaint with a fee of two dollars, in the hands of the Commissioner of Motor Vehicles of the State of New Jersey, or someone designated by him in his office, and such service shall be sufficient service upon the said non-resident operator or owner; provided, that notice of such service and the copy of the summons and complaint are forthwith sent by registered mail to the defendant by the Commissioner of Motor Vehicles," &c.

The District Court in Burlington county has no jurisdiction to cause its process to be served beyond the confines of the county. The commissioner of motor vehicles maintains an office in the city of Trenton, in the county of Mercer. The process which binds the non-resident motor vehicles operator is process which is served within the four corners of the statute, and it was said in *Valentine* v. *Franklin Surety Co.,* 11 *N. J. Mis. R.* 822: "The process which the commissioner, as attorney, may accept is the process which 'may be served' and 'is served.' " Since the process from the District Court of Burlington county could not be served outside of the county that court properly decided that it had no jurisdiction over the defendant. We need not consider what the result might be if the legislature had not provided for the service upon the commissioner, because they did so provide.

Judgment is affirmed, with costs.