PERTH AMBOY DISTRICT COURT.

CHARLES H. MOHR, PLAINTIFF, v. CARL SONNET, DEFENDANT.

Decided August 14, 1939.

For the plaintiff, *Parker E. Nielsen.*

For the defendant, *Osborne, Cornish & Scheck* (*Huyler E. Romond* appearing).

MELKO, D. C. J.  The plaintiff brought this action in the District Court of the Second Judicial District of the county of Essex, seeking to recover damages allegedly caused by the defendant's automobile negligently striking and destroying lands, buildings, and shrubbery of the plaintiff located in Middlesex county.

Defendant's objection that this was a local action and under the provision of *R. S.* 1937, 2:27-18, should be tried in the county in which the real estate in question is situated or the cause of action arose, was sustained and an order made accordingly transferring the action to the Perth Amboy District Court.

Defendant now appears specially and moves to dismiss the action under the provision of *R. S.* 1937, 2:8-38 which provides that "* * * the territorial jurisdiction of every District Court shall be co-extensive with the limits of the County wherein the City or Judicial District Court is established." The defendant resides in the county of Essex and it is his

contention that he is not within the territorial jurisdiction of the Perth Amboy District Court.

The transfer was made by virtue of the Transfer of Causes act (*R. S.* 2:26-6), which provides:

"No cause or matter pending in the court of chancery, supreme court, a circuit court, a court of common pleas, a district court, a court of oyer and terminer, a court of quarter sessions or a court of special sessions shall be dismissed solely on the ground that such court is without jurisdiction of the subject-matter, either in the original suit or on appeal, but the cause or matter shall be transferred, with the record thereof and all the papers filed in the cause, to the *proper court* for hearing and determination. The record shall, when necessary, include a transcript of all entries and proceedings in the cause."

The District Courts are creatures of the legislature, which can assign them such territorial jurisdiction as it sees fit. *MacPhail et al.* v. *Nassau,* 14 *N. J. Mis. R.* 692; 184 *Atl. Rep.* 633. See, also, *Wall Rope Works, Inc.,* v. *Sperling,* 116 *N. J. L.* 449; 185 *Atl. Rep.* 477.

The territorial jurisdiction of the Perth Amboy District Court is confined to Middlesex county and was not enlarged or expanded by Transfer of Causes act. *R. S.* 2:26-60. It might be noted that after the decisions rendered in the case of MacPhail *v.* Nassau and Wall Rope Works, Inc., *v.* Sperling above cited, that the legislature did in 1936 amend the District Court act in order to extend the territorial jurisdiction of District Courts so that services could properly be made of a District Court summons upon any chauffeur, operator, or owner of any motor vehicle not licensed under the State of New Jersey, by leaving an original and copy of said summons and state of demand in the hands of the Commissioner of Motor Vehicles in the State of New Jersey, whose office is in the county of Mercer. *R. S.* 2:32-34.1.

It appears that the amount involved is approximately $100 and the plaintiff contends that unless this court takes jurisdiction, he will be obliged to institute suit in the New Jersey Supreme Court, which would hardly be warranted by the amount involved. This objection, however, is without sub-

stance as it was held in the case of *Karr* v. *New York Jewell Filtration Co.*, 78 *N. J. L.* 198; 73 *Atl. Rep.* 132, that "\* \* \* The courts of this state have no jurisdiction of an action on the case for negligent injuries to plaintiff's real property and building situated in the District of Columbia, by making excavations on adjacent property, and that plaintiff will be without remedy, unless the court takes jurisdiction, is immaterial."

Therefore, since this is a local action for damages to realty in the county of Middlesex and the Second Judicial District Court of the county of Essex does not have jurisdiction over the subject-matter and since this court cannot acquire jurisdiction over the defendant, the action is dismissed.