SALEM COUNTY DISTRICT COURT.

GLOBE INDUSTRIAL LOAN CORPORATION, A CORPORA-
TION, PLAINTIFF, v. MARGARET CALDWELL AND
HUGH F. CALDWELL, JOINTLY AND SEVERALLY, DE-
FENDANTS.

Decided September 17, 1942.

LEAP, D. C. J.   Judgment was entered in the Salem County
District Court at the suit of Globe Industrial Loan Corpora-
tion against Margaret Caldwell and Hugh F. Caldwell, and
a wage execution was issued out of the court directed to the
employer of the defendant Hugh F. Caldwell, which employer
was resident in Salem County.   Shortly after the issuance
of the wage execution the defendant changed employment
and accepted a position in Camden County.   Counsel for
plaintiff by this application seeks a wage execution to issue
to the present employer who is a resident of Camden County.

During the past five or six years the practice has obtained
for a District Court or Court of Common Pleas of one county
to issue wage executions to employers in other counties.   I
can find no statutory basis for this practice.

The jurisdiction of the District Court is prescribed by
R. S. 2:8-38; N. J. S. A. 2:8-38, which makes it co-extensive
with the county wherein such District Court is established.

The District Courts are creatures of the legislature which
can assign them such territorial jurisdiction as it sees fit.

See *McPhail* v. *Nassau,* 184 *Atl. Rep.* 663; *Wall Rope
Works* v. *Sperling,* 116 *N. J. L.* 449; 185 *Atl. Rep.* 477;
*Mohr* v. *Sonnet,* 12 *N. J. Mis. R.* 226; 8 *Atl. Rep.* (2d) 109.

The legislature has in several specific instances extended the jurisdiction of the District Court as follows: *R. S.* 2:32-155; *N. J. S. A.* 2:32-155, where an execution has been returned unsatisfied, then an alias or pluries execution may issue directed to any constable, to any county of the state so designated in the writ.

This provision deals with the seizure of tangible personal property and calls for its sale by the executing officer, and in my opinion has no relation or reference to wage executions.

Other extensions of jurisdiction are *R. S.* 2:32-341; *N. J. S. A.* 2:32-341, to permit service of process on the Commissioner of Motor Vehicles in case of non-resident defendants. Another instance, *R. S.* 2:32-259; *N. J. S. A.* 2:32-259, mechanics' liens.

In the case of discovery in aid of execution, *R. S.* 2:32-164 and 169; *N. J. S. A.* 2:32-164 and 169, the power to punish by contempt is expressly limited to the county wherein such District Court is established, as process is to issue directed to a constable of said county.

Under wage executions the power to enforce depends upon the right of the issuing court to compel compliance with its orders. The statute being silent in this respect the court would be powerless outside of its territorial limits (the county in this instance).

I therefore find that this court has no jurisdiction to issue a wage execution which would be effective beyond the limits of the county wherein it is established.

The legislature has made provision for the docketing of a District Court judgment in the office of the clerk of the Supreme Court, also in the office of the clerk of any other county of the state.

The application is therefore denied.