76 N.J. Super. 215 (1962)
184 A.2d 17
JOSEPH KAPPISH, PLAINTIFF,
v.
WILLIAM LOTSEY, DEFENDANT AND THIRD-PARTY PLAINTIFF,
v.
LLOYD McCREA AND WILLIAM McCREA, THIRD-PARTY DEFENDANTS.
Superior Court of New Jersey, Warren County District Court, Law Division.
Decided August 30, 1962.
*218 Mr. Joseph V. DeMasi, attorney for the plaintiff (not appearing on the motion).
Mr. John F. Salmon for the defendant third-party plaintiff (Messrs. Mead, Gleeson, Hansen & Pantages, attorneys).
Mr. Oscar W. Rittenhouse for the third-parties defendant (Messrs. Gebhardt & Kiefer, attorneys).
BRY-NILDSEN, J.D.C.
Plaintiff Kappish instituted a negligence action in the Warren County District Court against defendant Lotsey, who was personally served within *219 Warren County. Defendant Lotsey defaulted. With consent of plaintiff, the default was set aside, whereupon defendant Lotsey entered his appearance and demanded a jury trial. Then, pursuant to R.R. 4:14, defendant Lotsey applied for and obtained an order permitting the filing of a third-party complaint wherein defendant Lotsey alleged that two third parties defendant, Lloyd McCrea, as owner, and William McCrea, as operator of a motor vehicle, were guilty of negligence which proximately caused the damages alleged by plaintiff Kappish, and that in the event of a determination that defendant third-party plaintiff Lotsey was chargeable with negligence proximately causing the plaintiff's damages, the third-parties defendant were also negligent and liable for the same, and in such event the third-parties defendant would be liable under N.J.S. 2A:53A-1 et seq., to the defendant third-party plaintiff for a contribution for their proportionate share of any amount paid by the defendant third-party plaintiff.
It appears that both third parties defendant are residents of Alexandria Township, Hunterdon County. Defendant third-party plaintiff, nevertheless, pursuant to N.J.S. 2A:6-33, caused third-parties defendant to be personally served at their Hunterdon County residence with copies of the third-party summons and complaint, by Ralph W. Bird, Undersheriff of Hunterdon County, on May 22, 1962.
Upon due notice, third-parties defendant McCrea appeared specially before the Warren County District Court and moved to set aside the service of the third-party summons and complaint on the ground that such service was invalid since it was not effected within the territorial jurisdiction of the Warren County District Court.
The question presented upon the motion is whether or not third-parties defendant are defendants within the purview of N.J.S. 2A:6-33, and more particularly, whether or not they may be treated as co-defendants with the original defendant vis-a-vis the original plaintiff, for the purpose of *220 extending what would otherwise seem to be the territorial jurisdiction of the court as provided in N.J.S. 2A:6-32.
Though counsel submitted able memoranda of law and presented articulate oral arguments, neither their research, nor that of the court disclosed any reported decision on the point.
The defendant third-party plaintiff relies upon the provisions of N.J.S. 2A:6-33 which provides:
"In any action brought in any county district court in this state against 1 or more defendants upon whom summons can be served within the county and against any additional defendant or defendants upon whom summons cannot be served within the county, the summons and complaint may be served in any other county of this state upon such additional defendant or defendants by any officer authorized to serve a summons issuing out of the county district court of that county. Service of such summons and complaint by such officer shall be as effectual to bring said additional defendant or defendants into court as though the same were served within the county in which the county district court issuing such summons is located."
The source of this section appears to be N.J.S.A. 2:8-38.1 (L. 1949, c. 142, sec. 1), effective May 19, 1949. This was one of a series of acts by which the Legislature, following the District and Municipal Court Act of 1948 (L. 1948, c. 264, p. 1145, effective January 1, 1949) apparently sought to adapt the district court and its procedures to the new practice.
Third-parties defendant McCrea rely principally upon the respected authority of Judge Ervin S. Fulop, who, in 17 New Jersey Practice, sec. 153, pp. 70-71, commenting upon N.J.S. 2A:6-33, said:
"The statute makes no reference to third party defendants. It would seem that the original defendant may not bring in a third party defendant by having him served in another county. However, if two or more third party defendants are to be summoned, and at least one can be served within the county, then the statute may apply to permit serving an additional defendant or defendants outside of the county, just as in the case of an original action."
*221 The applicable rule governing third-party practice in the county district courts is R.R. 4:14 (incorporated into the district court practice by R.R. 7:1-3 and 5:2-1, respectively). This rule, as former Rule 3:14-1, was promulgated and effective September 15, 1948, and was substantially identical to Federal Civil Rule 14(a) as amended, 28 U.S.C.A., adapted only to provide for notice to the plaintiff. 2 Schnitzer & Wildstein, New Jersey Rules Service, p. 346. This rule is procedural and not substantive in nature. Sattelberger v. Telep, 14 N.J. 353 (1954). It is a device whereby an original defendant to a pending suit may implead new defendants in the same action, to whom he seeks to pass on all or part of the liability asserted against him.
This rule plays a vital part in the general scheme and overall purpose of the rules of practice. The dominant object of the rule is procedural economy. It seeks to spare the court the necessity of considering the same evidence at two or more hearings. It also tends to insure consistent results from the application of pertinent rules of law to the same or similar evidence arising from the same set of circumstances, by providing a simple and expeditious means of adjudicating in one action with all parties present, before the same judge, all of the issues of fact and law germane to the asserted actionable wrong, and to thus avoid circuity of action, duplication of evidence, multiplicity of suits, as well as the delay and expense incidental to such wasteful practice. New Jersey Rules Service, supra, at page 347.
County district court suits often embrace complicated and diverse issues of law and fact in controversies among many parties, while at the same time involving relatively small monetary considerations. The availability of R.R. 4:14 is, therefore, even more urgently necessary in such action. Multiplicity of suits and the disproportionate waste of time and expense occasioned thereby, present a prohibitive barrier to the practical pursuit of one's rights, often resulting in the actual deprivation of essential justice. That *222 this rule should have been available in its fullest sense to district court litigants would seem to have been the clear intent of the Supreme Court in implementing the manifest design of the Judicial Article of the 1947 Constitution. Massari v. Einsiedler, 6 N.J. 303 (1951).
There is no question concerning the Legislature's power to extend the jurisdiction of the county district courts. They are creatures of the Legislature and may be given such jurisdiction with regard to subject matter and territory as the Legislature sees fit. Globe Industrial Loan Corp. v. Caldwell, 20 N.J. Misc. 435, 28 A.2d 775 (D. Ct. 1942); 1947 Constitution, Art. VI, sec. I, par. 1.
There also appears to be little question but that the Legislature in the enactment of N.J.S. 2A:6-33 (at first N.J.S.A. 2:8-38.1 by chapter 142 of the Laws of 1949, effective May 19, 1949) intended to implement the Judicial Article of the Constitution and the rule-making power of the Supreme Court. The Legislature is presumed to be familiar with its own enactments and with judicial declarations related to them, and to have passed or preserved cognate laws with intention that they be construed to serve a useful and consistent purpose. Yanow v. Seven Oaks Park, Inc., 11 N.J. 341 (1953); State v. Federanko, 26 N.J. 119 (1958). It is also to be assumed that the Legislature acted with existing constitutional law in mind. Jardine v. Rumson, 30 N.J. Super. 509 (App. Div. 1954). Moreover, before the true meaning of a statute can be determined, consideration must be given to the occasion and necessity of the law, the problem in society to which the Legislature addressed itself, and prior legislative consideration of the problem as well as the legislative history of the statute under review. State v. Spindel, 24 N.J. 395 (1957). What clearer recognition of this principle could there be than the expression of legislative purposes which appears in the preamble to the act of 1948 (L. 1948, c. 264, pp. 1145 etc.)? 
*223 "Whereas, The Constitution of 1947 provides for the vesting of judicial power in certain constitutional courts and further for the establishment, alteration or abolition by the Legislature of other courts of limited jurisdiction; and
Whereas, Such courts of limited jurisdiction should be so established, altered or abolished in the interest of a simplified and thoroughly competent administration of local justice for the good and convenience of the people of the State; and
Whereas, The Supreme Court established by the Constitution of 1947 is vested with power and responsibility to make rules governing the administration of all courts in the State and, subject to law, the practice and procedure in all such courts, and the chief justice of that court, is constituted as the administrative head of all of the courts of the State; and
Whereas, The mandate of the people so given, in the interest of establishing responsibility for the true administration of justice, requires implementation by legislation to eliminate the present confusing, inefficient and frequently condemned system of local courts, and to create a simplified, modernized, and acceptable structure and system of local courts; therefore,"
(The act then proceeds to treat of county district courts and municipal courts.)
Of course, no broader construction should be given to a statute than its language justifies. In construing a statute, however, the ultimate objective is a determination of the true intention of the enactment, and to such end, the particular words of the act are to be regarded as responsive to the essential principle of the statute. Wollen v. Fort Lee, 27 N.J. 408 (1958). Not the words of the statute, but the internal sense thereof controls. Where a case involves a situation which apparently escaped the attention of the draftsman of the statute, or at least was one where it was apparently felt that solution did not require an express statutory provision, the judicial task becomes one of resolving, within the framework of appropriate canons of construction, the probable legislative intention. Dvorkin v. Dover Twp., 29 N.J. 303 (1959).
When it enacted N.J.S.A. 2:8-38.1 (as chapter 142 of the Laws of 1949, effective May 19, 1949), which is now N.J.S. 2A:6-33, R.R. 4:14 (then Rule 3:14-1) had *224 already been in effective use since September 15, 1948. Bearing in mind the declared purpose of the Legislature to implement the Judicial Article of the Constitution and to thus carry out the express mandate of the people, are we to suppose that the Legislature intended to exclude so-called third-party defendants from its purview? Was not N.J.S. 2A:6-33 obviously intended to further accomplish the general constitutional purpose of expediting the administration of justice? Can it be supposed that the Legislature intended to limit "defendants," as used in this statute, to those brought in by the initial plaintiff? Was it making a distinction between "defendants" brought in by the original plaintiff and those additional "third-party defendants" brought in by one or more of the initial defendants joined by the plaintiff? Or did the Legislature, by extending the jurisdiction of the county district courts, seek to provide the means to bring into a single action before the court wherein the original suit was filed, all necessary parties to afford a speedy, simple and complete resolution of all of the issues of fact and law among all of the parties to the controversy, thus providing procedural economy to the litigants and the courts? We think this was its true intent.
In the modern practice, since the promulgation of the rules of procedure, what are the differences among plaintiffs, defendants, third-party plaintiffs, and third-party defendants? By plaintiff, do we mean anything more than the person who filed and served the first pleading? By defendant, do we mean more than a party who in the first instance, was summoned to answer this initial pleading? Or are we to define the former as a party seeking affirmative relief and the latter as one defending himself against the affirmative claims asserted against him? Then what of counterclaiming or cross-claiming defendants, and plaintiffs and defendants replying to counterclaims and cross-claims? While the formal alignment of parties as plaintiffs, defendants, third-parties plaintiff, third-parties defendant, counter-claimants, cross-claimants, etc., is necessary for orderly *225 pleading and trial, and is a convenient means of identifying the parties, all may be plaintiffs and defendants, in a sense, at the same time. Burdens of proof, presumptive rules of evidence, and other procedural and substantive matters apply to the parties according to their actual relative position in the litigation as it proceeds, and at the conclusion of the case judgment is given to afford all parties the relief to which they are legally entitled, regardless of their formal alignment as parties. In some cases the court may even grant a party relief which he has not demanded, provided a full hearing has been accorded all parties as to such relief. R.R. 4:55-4.
There is no clearer case of a party's being both plaintiff and defendant in a single action than defendant third-party plaintiff Lotsey. He continues as a defendant in the initial action. He seeks to bring in two additional defendants, either or both of whom may be liable to him on his third-party complaint and eventually, through supplemental proceedings, may be found liable to the original plaintiff. R.R. 4:14 provides the means for complete relief for the third-parties defendant McCrea, as well as all other parties.
One of the most important single applications of the third-party practice is its practical and expeditious implementation of the Joint Tortfeasors Contribution Law, N.J.S. 2A:53A-1 et seq. (L. 1952, c. 335). It is to be presumed that the Legislature, in its wisdom, intended in the enactment of this important statute (which changed the common law by establishing the right of one joint tortfeasor, who has paid all or part of a judgment, to recover a contribution from another joint tortfeasor, thus achieving a sharing of a common responsibility, according to equity and natural justice) to be readily available to litigants in the county district courts. The provisions of N.J.S. 2A:6-33, when read in conjunction with R.R. 4:14, enable one defendant to bring into the original action commenced against him, a joint tortfeasor, regardless of the fact that such joint tortfeasor may reside in a county other than *226 that in which is located the district court issuing the summons.
Reading N.J.S. 2A:6-33 in the light of the Legislature's full knowledge of the Rules of Civil Procedure and R.R. 4:14 in particular, and its application to the county district courts, at the time it enacted chapter 142 of the Laws of 1949, and in view of its declared intention to carry out the manifest intention of the Judicial Article of the 1947 Constitution, this court finds that a third-party defendant is a defendant with the purview of N.J.S. 2A:6-33 and that the third parties defendant McCrea were, therefore, properly and validly served in Hunterdon County, and that the Warren County District Court thereupon acquired jurisdiction. Consequently, the motion to set aside the service of the third-party summons and third-party complaint is denied.