125 N.J. Super. 575 (1973)
312 A.2d 516
BECA REALTY, INC., A N.J. CORPORATION, PLAINTIFF,
v.
WILLIAM EISBERG AND RITA EISBERG, DEFENDANTS.
Superior Court of New Jersey, District Court, Bergen County.
Decided November 15, 1973.
*577 Messrs. Freint and Jacobs, attorneys for plaintiff.
Messrs. Ryan & Sommers, attorneys for defendants.
HUOT, J.D.C.
This is an action for a real estate brokerage commission. Defendants listed premises known as 17 Ross Avenue, Demarest, Bergen County, New Jersey, with plaintiff and agreed to pay a commission of 5% of the sale price. It was an exclusive listing requiring payment to plaintiff if the property were sold within six months of the expiration date of the listing. The property was sold after the listing expired but within six months thereafter; however, plaintiff did not receive a commission. The merits of the dispute are not now before the court.
After the sale of the property defendants left New Jersey and established residency in Florida. Thereafter, plaintiff attempted service on the defendants in Florida by registered mail. Defendants did not respond to this service and a default judgment was entered in this court for $2,034. Defendants now move to vacate entry of the default judgment and to quash service of process. Initial examination of this transaction discloses that New Jersey has a sufficient interest in the dealings of the parties to enable it to entertain this action. At the time the parties entered into the contract *578 both plaintiff and defendants were residents of and domiciled in New Jersey. The contract, regardless of forum, will be governed by New Jersey law.
Due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).
It is clear that defendants have had sufficient contacts with New Jersey to satisfy the due process requirements so that the case may be heard in New Jersey. They argue, however, that even if the suit is proper in New Jersey, the county district court is not the proper forum. Thus, the question raised is whether the manner of service of process used by the plaintiff in this case is sufficient for this court to have jurisdiction.
The jurisdiction of the county district court is established by the Legislature by authority of our Constitution. N.J. Const. (1947), Art. VI, § I, par. 1:
The Judicial Power shall be vested in a Supreme Court, a Superior Court, County Courts and inferior courts of limited jurisdiction. The inferior courts and their jurisdiction may be from time to time established, altered or abolished by law.
"[The county district courts] are creatures of the Legislature and may be given such jurisdiction with regard to subject matter and territory as the Legislature sees fit." Kappish v. Lotsey, 76 N.J. Super. 215, 222 (Cty. D. Ct. 1962). "The County district courts are inferior courts of limited jurisdiction, which the Legislature may establish, alter or abolish in its discretion as the public good may require." Andriola v. Galloping Hill Shopping Center, Inc., 93 N.J. Super. 196, 199 (App. Div. 1966).
The territorial jurisdiction of the county district court as established by the Legislature is provided at N.J.S.A. 2A:6-32:
*579 Except as otherwise provided by law, the territorial jurisdiction of every county district court shall be coextensive with the limits of the county wherein the county district court is established.
Case law holds that upon the establishemnt of a territorial jurisdiction, the county district court has not the jurisdiction to serve process beyond the territorial boundary of the county. Thus, "The district court in Burlington County has no jurisdiction to cause its process to be served beyond the confines of the county." Wall Rope Works, Inc. v. Sperling, 116 N.J.L. 449 (Sup. Ct. 1936). See also, MacPhail v. Nassau, 14 N.J. Misc. 292 (D. Ct. 1936); Mohr v Sonnet, 17 N.J. Misc. 226 (S.Ct. 1939); and also Globe Industrial Loan Corp. v. Caldwell, 20 N.J. Misc. 435 (D. Ct. 1942), where it was held that a district court has no jurisdiction to issue a wage execution which would be effective beyond the limits of the county wherein it is established.
The territorial jurisdiction of the county district court has been given limited expansion by the Legislature. Under N.J.S.A. 2A:6-33:
In any action brought in any county district court in this State against one or more defendants upon whom summons can be served within the county and against any additional defendant or defendants or third-party defendant or defendants upon whom summons cannot be served within the county, the summons and complaint may be served in any other county in this State upon such additional defendant or defendants or third party defendant or defendants by any officer authorized to serve a summons issuing out of the county district court of that county. Service of such summons and complaint by such officer shall be as effectual to bring said additional defendant or defendants into court as though the same were served within the county in which the county district court issuing such summons is located. [Emphasis added]
It is clear that the Legislature intended that any service of process outside of the county would be predicated on the ability of the county district court to obtain in personam jurisdiction over the original defendant in a third-party action, or a codefendant where there are two or more defendants. *580 It is also clear that the county jurisdictional boundary was to remain as before except for this small exception.
This rule [2A:6-33] is procedural and not substantive in nature. [Citing cases]. It is a device whereby an original defendant to a pending suit may implead now defendants in the same action, to whom he seeks to pass on all or part of the liability asserted against him. [Kappish v. Lotsey, supra, 76 N.J. Super. at 221]
The jurisdiction of the county district court is also subject to regulation through the types of actions the court may hear and a dollar limit upon the amount in controversy. The regulation of the subject matter in this case is not an issue since the type of action (breach of contract) and the dollar amount both fit within the jurisdictional bounds of N.J.S.A. 2A:6-34.
When utilizing the device of constructive service it must be remembered that "substituted or constructive service is in derogation of the general common law requirement that there be personal service [citing cases]. Statutes or rules of court providing for such service must be strictly construed and fully carried out in order to confer jurisdiction." A. & S. Manufacturing Co., Inc. v. Wetzler, 110 N.J. Super. 565 (Ch. Div. 1970)
Plaintiff cites the court rules for the authority that the county district court has the use of this "long arm statute" for service of process. The county district court service of process is governed by R. 6:2-3. R. 6:2-3(a) outlines who may make service of process and designates the "sergeants-at-arms of the court and such other persons authorized by law to serve such process as the presiding judge designates. * * * If the process is to be served in a county of this State other than that in which the action is instituted, the clerk of the county district court in which the action has been instituted shall forward it to the clerk of the county district court of the county in which service is to be made and it shall be delivered by that clerk to a person authorized to serve such process in his county." From this rule the *581 court draws the following conclusions: (1) service of process is to be by the sergeants-at-arms of the court in most circumstances; (2) the ability of the process server to serve process ends at the county line, the jurisdiction of the court; (3) the alternative method of service provided for out-of-county actions is limited to service arising within the State and does not include out-of-state service; (4) the rule is silent on the question of out-of-state service by the county district court because no out-of-state service is contemplated.
Under R. 6:2-3(b) the manner of service of process "shall be made in accordance with R. 4:4-4 or, if applicable, R. 4:4-5." The tentative draft comment to R. 6:2-3(b) states, "by its reference to R. 4:4-4 and R. 4:4-5, it lays to rest any lingering question as to the applicability to district court actions, where appropriate, of substituted and constructive service as authorized by these rules." (Emphasis added).
Before examining R. 4:4-4 it is important to note that R. 4:4-3, which denotes by whom service is to be made in an action in the Superior and County Courts, states that "wherever service by mail is permitted by these rules, such mailing may be made by the attorney or a party appearing pro se." R. 6:2-3 does not contemplate service by an attorney in county district court actions. The limitation on who may make service of process, as noted above, also limits where process may be served.
R. 4:4-4(e) states that
Whenever it shall appear by affidavit of the attorney for the plaintiff of any person having knowledge of the facts, that, after diligent inquiry and effort, an individual cannot be served in this State under any preceding paragraphs of this rule, then, consistent with due process of law, service may be made by mailing, by registered or certified mail, return receipt requested, a copy of the summons and complaint to the individual addressed to his dwelling house or usual place of abode or, with postal instructions to deliver to addressee only, to his place of business or employment. * * *
*582 The court concludes that R. 4:4-4(e) is only appropriate for use in the county district court in those situations wherein substituted service may be made in this State.
The court bases its conclusion on the following: The territorial jurisdiction of the county district court is established by statute and the court may not effect process beyond the county boundary unless there exists a specific statutory exception. The court rules (R. 6:2-3(a)) provide that service of process in county district court is to be made by certain individuals (sergeant-at-arms, usually), and they are limited to service within the county only, and the additional provisions (i.e., by mail to the county clerk) allows service of process within the State, only. Finally, the tentative draft comments to R. 6:2-3 indicate that R. 4:4-4 is applicable only "where appropriate." Thus, the court finds that the provisions of R. 4:4-4(e) dealing with process out-of-state are not appropriate within the confines of the county district court rules. R. 6:2-3.
The case of Roth v. Jackson, 99 N.J. Super. 546 (App. Div. 1968), dealt with a situation whereby a plaintiff brought suit in a county district court and a codefendant could not be served personally. The codefendant was then served at his residence within the county by registered mail under R. 4:4-4(J) (now (e)). The contention of the codefendant was that R. 4:4-4(J) was solely for the service of process beyond the confines of the state border. The court found otherwise and stated that constructive service could be utilized within the border of the State. However, the court did not hold that constructive service could be used by parties in the county district court to effect service outside the county. The facts of the case also support this contention. The codefendant, constructively served by registered mail, was a resident of the county in which the action was brought.
Mention must be made of Winberry v. Salisbury, 5 N.J. 240 (1950), which holds "that the rule-making power of the Supreme Court [Art. VI, § II, par. 3] is not subject to overriding legislation but that it is confined to practice, procedure *583 and administration as such." Since the service of process is considered a procedural matter (Kappish v. Lotsey, supra), it may be considered exclusively the province of the rules of the Supreme Court. However, there are several considerations, some of which have been discussed supra, which indicate that the Supreme Court rules are not completely dispositive in this case.
The county district courts are statutory courts which can be abrogated at the whim of the Legislature, the Supreme Court rules notwithstanding. Although, as noted in Winberry v. Salisbury, supra, the rule-making power of the Supreme Court cannot be made subject to overriding legislation, it must be presumed that the Supreme Court, when drafting R. 6:2-3 and R. 4:4-4, had knowledge of the statutes already in existence. With this presumption in mind, the intent of the Supreme Court was either that (1) the rules and statutes are to be complementary and the intent of the statute is to be given effect where the rule is silent, or (2) the rule takes clear precedence over the statute.
The statutes in question are the jurisdictional statutes which deal with the territorial jurisdiction of the county district courts (N.J.S. 2A:6-32); the service on defendants in other counties, where one or more defendants are served within the county (N.J.S. 2A:6-33), and the specialized service in other actions (N.J.S. 2A:6-34). The intent of the Legislature is to contain the jurisdiction of the county district courts at the boundary of the county. It is doubtful that the Supreme Court intended to contravene the above statutes without any mention of such intent. It is more probable that the Supreme Court intended the rules and the statutes to be complimentary, with service of process limited to within the county for county district courts. This argument becomes increasingly persuasive when one considers the discrepancy in the rules concerning who shall serve process (R. 4:4-3 and R. 6:2-3(a) in the different courts, indicating that the *584 intent of the rules is to maintain the territorial jurisdiction of the county district court as conferred by the statutes.
If the court follows the position advocated by plaintiff, the result would be to transform the county district court from a court of limited territorial jurisdiction into a court that would have not only statewide powers of service of process but, in addition, would have the power of service of process beyond the confines of the state border as well. Adopting this position would effectively place the legislatively created courts of limited jurisdiction on an equal footing with the constitutional courts and erase the geographic limitations imposed on such inferior courts by specific statutes.
The court cannot conclude that the Supreme Court of this State intended to invalidate an act of the Legislature (N.J.S. 2A:6-32) by the adoption of R. 4:4-4(e). Such conclusion would have to be based upon an inference drawn from the mere adoption of the rule. Before this court will destroy the geographic boundaries established by the Legislature for its jurisdiction, a clear expression of such determination should be made by the Supreme Court of this State.
Therefore, it is the conclusion of this court that it did not have jurisdiction over the defendant in this matter. Defendants' motion to quash service of process and to vacate the default and judgment entered therein is granted.