137 N.J. Super. 106 (1975)
348 A.2d 193
SEARS, ROEBUCK & COMPANY, PLAINTIFF,
v.
ELISABETH A. KATZMANN, DEFENDANT AND THIRD-PARTY PLAINTIFF-APPELLANT,
v.
BRUCE D. KATZMANN, THIRD PARTY DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted September 17, 1975.
Decided November 18, 1975.
*107 Before Judges HALPERN, CRANE and MICHELS.
Messrs. Convery and Convery, attorney for appellant (Mr. Clark W. Convery, of counsel and on the brief).
Mr. M. Marvin Soperstein, attorney for respondent.
The opinion of the court was delivered by MICHELS, J.A.D.
Pursuant to leave of this court, defendant and third-party plaintiff Elisabeth A. Katzmann appeals from an order of the Hudson County District Court quashing service of process upon her former husband, third-party defendant Bruce D. Katzmann, in New York pursuant to R. 4:4-4(e).
Plaintiff Sears, Roebuck & Company sued defendant in the Hudson County District Court to recover the unpaid balance due on a book account in her name as well as that of her former husband. The book account was created by the sale of a garage door-opener and fence to defendant and her husband while married. These items were subsequently installed on premises in North Bergen now owned by defendant and her husband as tenants in common. Defendant filed a *108 third-party complaint claiming that her former husband was responsible for this debt. The summons and third-party complaint were served upon the husband at his place of employment in New York by certified mail, return receipt requested, pursuant to R. 4:4-4(e). The trial judge granted the husband's motion to quash the service of process, holding, by relying primarily upon the Bergen County District Court opinion in Beca Realty v. Eisberg, 125 N.J. Super. 575 (1973), that the county district court could not obtain jurisdiction by, such substituted service beyond its territorial limits. We granted defendant leave to appeal.
R. 6:2-3(b), in effect when service was made provided:
Service of process shall be made in accordance with R. 4:4-4 or, if applicable, R. 4:4-5, except that, in landlord and tenant actions, service of process shall be by ordinary mail or by delivery personally pursuant to R. 4:4-4 and by affixing a copy of the summons and complaint on the door of the subject premises.
This paragraph of the rule relating to the service of process in the county district courts of this State was adopted as part of the 1969 revision of the rules governing the New Jersey courts. It replaced R.R. 7:4-6(b), which then provided:
The summons shall be served in the same manner as summonses are required to be served by the general laws relating to the administration of justice in civil actions and in accordance with the rules applicable to the law division of the county court.
R.R. 7:4-6(b) clearly provided for the service of process in the county district court in the same manner provided for the service of process in civil actions in the Superior Court. See R.R. 4:4-4 and R.R. 4:4-5, including our long-arm rule R.R. 4:4-4(j). Whatever question may have existed as to the applicability of these rules to the county district court were laid to rest by the adoption of R. 6:2-3(b) in the 1969 revision. R. 6:2-3(b) explicitly made R. 4:4-4 and R. 4:4-5 applicable to the county district court. Cf. Roth v. *109 Jackson, 99 N.J. Super. 546, 549 (App. Div. 1968), certif. den. 52 N.J. 161 (1968). See also, Pressler, Current N.J. Court Rules (1975), comment, R. 6:2-3(b). Consequently, when defendant's husband could not be served in New Jersey under any of the provisions of R. 4:4-4, substituted service pursuant to our long-arm rule, R. 4:4-4(e), was an appropriate method for service of the summons and third-party complaint upon him in New York. The long-arm rule permits such service on nonresidents subject only to "due process of law." R. 4:4-4(e). Avdel Corp. v. Mecure, 58 N.J. 264, 268 (1971); see also, Cooke v. Yarrington, 62 N.J. 123, 126 (1973); J.W. Sparks & Co. v. Gallos, 47 N.J. 295, 301 (1966).
We find no constitutional impediment to the application of our long-arm rule to the county district courts. The New Jersey Constitution expressly empowers the Supreme Court to "make rules governing the administration of all courts in the State and, subject to the law, the practice and procedure in all such courts." N.J. Const. (1947), Art. VI, § II, par. 3. This rule-making power is not subject to overriding legislation. See Winberry v. Salisbury, 5 N.J. 240, 255 (1950). Our long-arm rule presently contained in R. 4:4-4(e) is purely procedural. Cf. Feuchtbaum v. Constantini, 59 N.J. 167, 172 (1971). Its application to the county district court pursuant to R. 6:2-3(b) cannot be nullified by our Legislature. The holding of the Bergen County District Court in Beca v. Eisberg, supra, to the contrary ignores the explicit language of R. 6:2-3(b) and subverts the purpose and philosophy of our long-arm rule. Beca Realty v. Eisberg is overruled.[1]
*110 Accordingly, the order of the Hudson County District Court quashing the service of process upon defendant's husband is reversed.
NOTES
[1] We point out that pending this appeal R. 6:2-3(b) was further amended to provide:

Service of process within this State shall be made in accordance with R. 4:4-4(a), (b), or (c) as applicable, or as otherwise provided by court order consistent with due process of law, or in accordance with R. 4:4-5, except that, in landlord and tenant actions, service of process shall be by ordinary mail and by either delivery personally pursuant to R. 4:4-4 or by affixing a copy of the summons and complaint on the door of the subject premises. Substituted or constructive service outside this State may be made pursuant to the applicable provisions in R. 4:4-4 and R. 4:4-5.
This amendment became effective on September 8, 1975 and apparently was adopted to further clarify the application of R. 4:4-4 and R. 4:4-5 to the county district courts in view of the holding in Beca Realty v. Eisberg, supra.