DOMINIC P. DeFLAVIS, CARMELA DeFLAVIS, PLAINTIFFS-RE-
SPONDENTS, v. PRINCETON HOME INSPECTION SERVICE,
INC., DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted January 12, 1982—Decided January 27, 1982.

Before Judges MICHELS, McELROY and J. H. COLEMAN.

*Joyce M. Usiskin,* attorney for appellant.

*Horuvitz, Perlow & Morris,* attorneys for respondents (*Theodore E. Baker* of counsel and on the letter brief).

The opinion of the court was delivered by

MICHELS, P. J. A. D.

We granted defendant Princeton Home Inspection Service, Inc., leave to appeal from an order of the Cape May County District Court which (1) denied its motion to dismiss the complaint filed against it by plaintiffs Dominic P. DeFlavis and Carmela DeFlavis for lack of jurisdiction and (2) awarded plaintiffs counsel fees of $200 in connection with the motion.

Plaintiffs instituted this action against defendant to recover damages allegedly sustained as a result of defendant's inspection of real property that plaintiffs intended to purchase in Cape May County. They claimed that defendant was negligent in the inspection of the property, that the report was wholly inadequate and constituted a breach of the inspection contract and that defendant violated the fraud provisions of *N.J.S.A.* 56:8–1 *et seq.*

Defendant moved to dismiss the complaint on the ground that the court lacked *in personam* jurisdiction because service of process was made upon it in Mercer County rather than in Cape May County, the territorial limits of the Cape May County District Court. The trial judge held that it acquired jurisdiction over defendant by virtue of the service made upon defendant in Mercer County pursuant to the provisions of *R.* 6:2–3(a). We disagree and reverse.

The county district court is an inferior court of limited jurisdiction which the Legislature may establish, alter or abolish in its discretion as the public good may require. *N.J.Const.* 1947, *Art.* VI, § I, par. 1. *See Friedman v. Podell,* 21 *N.J.* 100, 106 (1956); *Andriola v. Galloping Hill Shopping Center, Inc.,* 93

*N.J.Super.* 196, 199 (App.Div.1966). The territorial jurisdiction of the Cape May County District Court, as every other county district court, has been prescribed by our Legislature. *N.J.S.A.* 2A:6–32 specifically provides:

> Except as otherwise provided by law, the territorial jurisdiction of every county district court shall be coextensive with the limits of the county wherein the county district court is established.

Consequently, the Cape May County District Court did not have jurisdiction over defendant which received service of process in Mercer County.

■ We agree with the trial judge that *R.* 6:2–3 does not expressly provide that it is applicable only where the county district court has acquired jurisdiction over one or more of the defendants in an action. However, the procedure established thereunder for service of process upon a defendant in a county other than the one in which the particular county district court is located can only be utilized where there is at least one other defendant in the action upon whom summons can be served within the county. See *N.J.S.A.* 2A:6–33. In this respect *Sears, Roebuck & Co. v. Katzmann,* 137 *N.J.Super.* 106, 109 (App.Div. 1975), is clearly distinguishable and does not support the trial judge's conclusion that the Cape May County District Court had jurisdiction in this case.

■ We are also convinced that the trial judge erred in awarding plaintiffs a $200 counsel fee on the motion. There is no statute or rule of court authorizing an award of counsel fees in matters of this kind. See *R.* 4:42–9(a). *See, also, Union Beach Bd. of Ed. v. N.J.E.A.,* 53 *N.J.* 29, 48–49 (1968); *Long Branch Housing Auth. v. Valentino,* 47 *N.J.* 265, 268 (1966); *Atlas v. Silvan,* 128 *N.J.Super.* 247, 253 (App.Div.1974); *Jersey City Sewerage Auth. v. Jersey City Housing Auth.,* 70 *N.J.Super.* 576, 584 (Law Div.1961), aff'd 40 *N.J.* 145 (1963).

Accordingly, the order under review is reversed.