ARLENE E. ROTH AND DONALD ROTH, HER HUSBAND, PLAINTIFFS-RESPONDENTS, v. ROY JACKSON AND MARION JOHNSON, JR., DEFENDANTS.

UNSATISFIED CLAIM AND JUDGMENT FUND BOARD, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued March 4, 1968—Decided March 13, 1968.

Before Judges Sullivan, Foley and Leonard.

*Mr. Charles J. Kahwaly* argued the cause for defendant-appellant.

*Mr. George D. Rosenthal* argued the cause for plaintiffs-respondents (*Messrs. Nussman, Kaplan, Rosenthal & Rubinowitz,* attorneys).

The opinion of the court was delivered by

Sullivan, S. J. A. D. ▮▮ This appeal involves the issue of whether service of process in a county district court action can be made upon a defendant who is a resident of this State by registered mail, addressed to his dwelling house or usual place of abode in this State, where it appears that despite

diligent inquiry and effort defendant cannot be served personally at such address.

As a result of a two-car automobile accident, plaintiffs Donald Roth, the owner of one of the vehicles, and his wife Arlene, who was a passenger at the time, commenced an action in the Passaic County District Court against defendant Johnson, alleged to be the driver, and defendant Jackson, alleged to be the owner, of the other car. After process issued, the return of service shows that Johnson could not be found at the address given. The return also states that the process server was unable to serve Jackson. The docket lists Jackson's address as 123 Spring Street, Paterson.

An affidavit was then filed by counsel for plaintiffs setting forth the following:

"* * * 2. On August 10, 1966 summons and complaint in this cause was forwarded to the Clerk of the Court for service, which service was directed to Vincent Ranieri, Sergeant-at-arms of said Court.

3. We have been advised by said Sergeant-at-arms that he cannot effect service upon defendant, Roy Jackson, either at his home or place of employment, and that he has left numerous messages but same have been disregarded.

4. Pursuant to *R.* 4:4–4 J, we authorize the Clerk of the Court to effect service upon said Roy Jackson, either at his home or place of employment, by certified mail, return receipt requested."

Court records show that thereafter the summons was reissued for service on Jackson by registered mail. The return shows "Summons and Complaint served Sept. 13, 1966 on Deft. Roy Jackson personally, Rec'd by James Owens, Reg. Mail." Presumably, it was mailed to the address shown on the docket, *supra.* When no appearance was made by defendant a default was entered.

The Unsatisfied Claim and Judgment Fund Board (Board), having received a notice of intention to file claim pursuant to *N. J. S. A.* 39:6–65, assigned the defense of the action to counsel who obtained an order vacating the default. Counsel for the Board then moved to vacate the service made on defendant Jackson on the ground that "service was im-

properly effected on the defendant, having been made by registered mail contrary to the rules."

After hearing argument the trial court denied the motion, holding that service of process can be made by registered mail upon a defendant who is a resident of this State, addressed to his dwelling house or usual place of abode in this State, under *R. R.* 4:4–4 (j), where it appears that despite diligent inquiry and effort, he cannot be served personally in the State. The Board, pursuant to leave granted, prosecutes this appeal.

*R. R.* 4:4–4, which is applicable to the county district court (see *R. R.* 7:4–6(b)), provides in pertinent part as follows:

"4:4–4 Summons. Personal Service.

(a) Upon an individual * * * by delivering a copy of the summons and complaint to him personally; or by leaving a copy thereof at his dwelling house or usual place of abode with some competent member of his family of the age of 14 years or over then residing therein; or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on his behalf;

\* \* \* \* \* \* \* \*

(j) Whenever it shall appear by affidavit of the attorney for the plaintiff or of any person having knowledge of the facts, that, after diligent inquiry and effort, an individual cannot be served in this State under any of the preceding paragraphs of this rule, then, consistent with due process of law, service may be made by mailing, registered mail, return receipt requested, a copy of the summons and complaint to the individual addressed to his dwelling house or usual place of abode. Where service is attempted to be made by registered mail but the same is not effected, either by reason of the addressee refusing to accept delivery or if for any reason delivery cannot be made, then service may be made outside the State as provided in Rule 4:4–5(a) upon any person upon whom service is authorized by the law of this State of the state wherein service is effected."

Appellant's basic contention is that subparagraph (j) does not authorize service upon a New Jersey resident by registered mail, addressed to his dwelling house or usual place of abode *in this State,* but rather provides for service by registered mail only outside the State. This contention is

self-contradictory. The dwelling house or usual place of abode of a resident of this State would ordinarily be in this State. If it were otherwise, such person would be considered a nonresident.

The rationale of *R. R.* 4:4–4(j) is clear. When a resident of this State, despite diligent inquiry and effort, cannot be served in this State under subparagraph (a), service may be made by registered mail, addressed to his dwelling house or usual place of abode, under subparagraph (j). The rule includes a situation where a defendant may be living in this State but evading personal service. In such a situation, service by registered mail addressed to his dwelling house or usual place of abode is permitted.

Defendant also argues that even if service by registered mail were permissible under the circumstances here presented, numerous deficiencies and irregularities render the attempted service void.

It is unnecessary to set forth these contentions in detail. They were not presented in the motion to vacate and the trial court did not pass upon them. They are not here argued as plain error and we do not consider them.

The order of the trial court denying the motion to vacate service is affirmed. No costs.