759 A.2d 865 (2000)
334 N.J. Super. 346
CITIBANK, N.A., Plaintiff-Respondent,
v.
Daniel R. RUSSO, Defendant-Appellant and
Rose Russo, Defendant.
Superior Court of New Jersey, Appellate Division.
Argued September 12, 2000.
Decided September 27, 2000.
*866 Alex M. LaTorraca, Bloomfield, argued the cause for appellant (LaTorraca & Christian, attorneys; Mr. LaTorraca, on the brief).
Steven P. McCabe, East Hanover, argued the cause for respondent (Pressler and Pressler, attorneys; Mr. McCabe, on the brief).
Before Judges SKILLMAN and LESEMANN.
The opinion of the court was delivered by SKILLMAN, P.J.A.D.
In 1990 plaintiff Citibank, N.A. filed this action against defendants Rose and Daniel Russo for recovery of the balance of an unpaid credit card debt. Initially, plaintiff attempted to make service of the complaint and summons through the Essex County Sheriff. However, the Sheriff returned the summons unserved, with the notation:
No response to personal attempts. Messages left and letter. They are definitely avoiding service. Suggest substituted service. They have been home each time, and will not open door.
Plaintiff then served the complaint and summons by certified mail, return receipt requested, and by regular mail. The certified mail was returned to plaintiff's attorney, with the postal service notation: "Unclaimed."
On June 22, 1990, plaintiff filed a default, and on June 25, 1990, a default judgment for $6,071.73 was entered against defendants.
On October 1, 1990, the Essex County Sheriff served a levy upon defendants' real property at 711 Broad Street in Bloomfield.[1] The Sheriff's return of service stated: *867 "Copy of Writ served upon Daniel R. Russo, Personally, at the above address."
On February 19, 1992, plaintiff's attorneys sent a letter to defendants, which stated:
Enclosed please find levy and inventory made by the Sheriff on your property. Please advise within five (5) days as to your intentions regarding same under the statutes.
If we do not hear from you, then we will advise the Sheriff to proceed and sell all of the property pursuant to statute.
A few days later, on February 24, 1992, defendant Daniel R. Russo sent plaintiff's attorneys a copy of a voluntary petition for bankruptcy that he had filed in the United States Bankruptcy Court.[2]
Defendants apparently moved to another address sometime in 1992, and according to plaintiff's attorneys, when they attempted to serve an information subpoena upon defendants in October 1992, it was returned by the postal service with a notation indicating that defendants had moved, leaving no forwarding address.
Plaintiff's attorneys did not relocate defendant Daniel Russo[3] until June 1998, at which time they served a new information subpoena upon him.
Defendant then retained his present counsel, who filed a motion to vacate the default judgment. Defendant's affidavit in support of the motion asserted that he had not been served with the complaint, either personally or by mail, and that he was not aware a judgment had been entered against him until July 1998.
On August 21, 1998, the trial court entered an order which provided that the default judgment "shall remain in full force and effect pending additional information as to jurisdiction of Court over defendant." However, because the court file was lost and plaintiff's attorneys could not locate their file for the purpose of reconstructing the record, further consideration of the matter was delayed.
The matter eventually came before the court on March 16, 1999. At that time, the court file still had not been located. Plaintiff's attorneys also had not been able to locate their paper case file. However, plaintiff relied upon an affidavit from one of its attorneys, which sets forth a chronology of the case derived from the firm's computer record of the case.
The trial court concluded in an oral opinion that defendant had not sustained his burden to show that he had not been served with the complaint and summons, and denied his motion to vacate the default judgment.
Defendant appeals from that denial. During the pendency of the appeal, plaintiff's attorneys discovered their paper case file, the contents of which have been included in the appendix to their brief. The documents in that file are consistent with the representations plaintiff's law firm made to the trial court concerning the contents of their computer record of the case. At oral argument before us, defendant's attorney indicated that he did not seek a remand for the purpose of formal supplementation of the record to include these documents.
Defendant's primary argument on appeal is that the default judgment entered against him is void because he was not properly served with the complaint and summons. Defendant argues that even if he was served by regular mail, such service may not provide the foundation for entry of a default judgment. Defendant cites Rule 4:4-4(c), which provides:

*868 Where personal service is required to be made pursuant to paragraph (a) of this rule, service, in lieu of personal service, may be made by registered, certified or ordinary mail, provided, however, that such service shall be effective for obtaining in personam jurisdiction only if the defendant answers the complaint or otherwise appears in response thereto.
However, plaintiff did not serve defendant by mail pursuant to this rule, but rather pursuant to Rule 4:4-4(e) (now Rule 4:4-4(b)(1)(C)), which at the time service was made upon defendant provided in pertinent part:
On the filing of an affidavit of the attorney for the plaintiff or of any person having knowledge of the facts, that, after diligent inquiry and effort, an individual cannot be served in this State under any of the preceding paragraphs of this rule, then, consistent with due process of law, service may be made by mailing, by registered or certified mail, return receipt requested, a copy of the summons and complaint to the individual addressed to his dwelling house or usual place of abode or, with postal instructions to deliver to addressee only, to his place of business or employment. If the addressee refuses to claim or to accept delivery of registered or certified mail, service may be made by ordinary mail addressed to him at his dwelling house or usual place of abode. The party making service may, at his option, make service simultaneously by registered or certified mail and ordinary mail, and if the addressee refuses to claim and accept delivery of registered mail and if the ordinary mailing is not returned, the simultaneous mailing shall constitute effective service.
Thus, our court rules provide for service of process by mail under two circumstances. First, a plaintiff may attempt initial service of process by mail, in which event the service is valid and a default may be entered only if the defendant answers or otherwise appears in the action. R. 4:4-4(c). Second, if a plaintiff's initial attempt to make personal service is unsuccessful "after diligent effort and inquiry," service then may be made simultaneously by registered or certified mail, return receipt requested, and ordinary mail. R. 4:4-4(b)(1)(C) (formerly R. 4:4-4(e)). Such service is valid even if the defendant does not answer or appear, and may provide the basis for entry of a default judgment. "The no-default proviso was intended to apply only to mailed service attempted under [R. 4:4-4(c) ] and not to mailed service, whether by registered, certified or ordinary mail, authorized by any other provision of a service rule." Pressler, Current N.J. Court Rules, comment 13 on R. 4:4-4 (2000); see Roth v. Jackson, 99 N.J.Super. 546, 549-50, 240 A.2d 687 (App.Div.), certif. denied, 52 N.J. 161, 244 A.2d 293 (1968).
Plaintiff properly made service by mail pursuant to the former R. 4:4-4(e), because the Sheriff had previously attempted to make personal service and reported that defendants were attempting to evade process. Moreover, there is no basis for disturbing the trial court's finding that defendant failed to overcome the presumption that he in fact received such service. We note in this respect that the certified mailing of the complaint which plaintiff sent to defendant at the same time as the service by ordinary mail was returned "unclaimed," and defendant does not deny that he then lived at the address to which the complaint was mailed. In fact, defendant still lived at that address in February 1992, when he mailed a copy of his bankruptcy petition to plaintiff's attorneys.
In addition, even if there had been a technical defect in the method of service of process, defendant would not be automatically entitled to vacate the default judgment against him. "Where due process has been afforded a litigant, technical violations of the rule concerning service of process do not defeat the court's jurisdiction." Rosa v. Araujo, 260 N.J.Super. 458, 463, 616 A.2d 1328 (App.Div.1992), certif. *869 denied, 133 N.J. 434, 627 A.2d 1140 (1993). Thus, "not every defect in the manner in which process is served renders the judgment upon which the action is brought void and unenforceable." Id. at 462, 616 A.2d 1328; see also Sobel v. Long Island Entertainment Prods., Inc., 329 N.J.Super. 285, 747 A.2d 796 (App.Div.2000).
Even if defendant had not received the complaint and summons in 1990, the record indicates he was aware of this action and of the judgment entered against him no later than when he received the previously quoted February 19, 1992 letter from plaintiff's attorney. Nevertheless, he did not move to vacate the default judgment until more than six years later, after plaintiff's attorneys had located him at the new address to which he moved in the summer of 1992. Even if a judgment is void (and we are satisfied for the reasons previously stated that the default judgment against defendant was not void), a motion to vacate the judgment still must be "made within a reasonable time." R. 4:50-2. Defendant's motion to vacate the default judgment was not made within a reasonable time.
Affirmed.
NOTES
[1] Plaintiff's attorneys allege that they made numerous attempts to communicate with defendants during the period between entry of the default judgment and the request to the Sheriff to levy upon defendants' property.
[2] Plaintiff indicates that this petition was filed in 1991 and dismissed in April of 1992.
[3] The reference to the singular "defendant" in the rest of the opinion is to defendant Daniel Russo. Insofar as the record before us indicates, plaintiff has discontinued seeking enforcement of the judgment against defendant Rose Russo.