**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5070-15T4

BOROUGH OF BARRINGTON, A
Municipal Corporation,

      Plaintiff-Respondent,

   v.

BLOCK 57, LOTS 7.01, 8.01,
9.01 ASSESSED AND RECORDED
OWNER, STEPHEN RABINOWITZ and
BARBARA RABINOWITZ,

      Defendants-Appellants.

_____

Argued November 8, 2017 — Decided November 30, 2017

Before Judges Fisher and Moynihan.

On appeal from Superior Court of New Jersey,
Chancery Division, Camden County, Docket No.
F-008105-00.

Arthur H. Lang argued the cause for
appellants.

Timothy J. Higgins argued the cause for
respondent (Law Offices of Timothy J. Higgins,
attorneys; Mr. Higgins, on the brief).

PER CURIAM

Defendants Stephen and Barbara Rabinowitz appeal the 2016 denial of their motion to vacate a 2000 default judgment entered in this in-rem tax foreclosure action. Without an evidentiary hearing, the judge determined from the motion papers that plaintiff complied with the notice requirements of both statute and rule, and that defendants unreasonably delayed in seeking relief until ostensibly discovering many years after entry of judgment that their contaminated property had been remediated and developed.

In appealing, defendants argue plaintiff failed to comply with the rules, the statute, and constitutional precepts in serving notice of this foreclosure action. Because of the factual disputes and uncertainties emanating from the moving and opposing papers, we remand for an evidentiary hearing to determine, among other things, whether notice was mailed by plaintiff to defendants' last known address or to a location that would adequately advise defendants of the foreclosure action.

To ensure property owners receive adequate notice of in-rem tax foreclosure actions, our court rules set forth specific publishing, posting, and service requirements. Rule 4:64-7(b) requires that notice of foreclosure be published once in a newspaper "generally circulated in the municipality where the lands affected are located." And Rule 4:64-7(d) requires that, fifteen days after publication, the notice be posted in: the tax

collector's office; the county recording office; and three "other conspicuous places within the taxing district." Defendants agree plaintiff fully complied with these publication and posting requirements.

Rule 4:64-7(c) requires that service be made pursuant to Rule 4:4-4(a)(1) or (c), "or by simultaneously mailing to the last known address by registered or certified mail, return receipt requested, and by ordinary mail."[1] Defendants argue that plaintiff failed to comply with this service requirement. They contend that they advised plaintiff's counsel at the time that they were moving from New Jersey and, in that regard, provided their son's California address where they would be living; they claim they never told plaintiff or its representatives that this California address should be used in place of the Haddonfield address set forth on the tax duplicate. Plaintiff provided certifications that seem to dispute but do not entirely meet this contention. And both the moving and opposing papers were rife with uncertainties, no

---

[1] For a time, our courts viewed publication and posting as all the notice required by due process. See Newark v. Yeskel, 5 N.J. 313, 327 (1950). In 1977, the Supreme Court held that an owner's right of redemption could not be terminated by a tax foreclosure suit unless personal or mailed service was added to the publication and posting requirements. Twp. of Montville v. Block 69, Lot 10, 74 N.J. 1, 17-19 (1977). Both Rule 4:64-7 and N.J.S.A. 54:5-104.42 were subsequently amended. See Brick Twp. v. Block 48-7, Lots 34, 35, 36, 202 N.J. Super. 246, 249 (App. Div. 1985).

doubt caused by the extraordinary passage of time from those events and defendants' motion for relief.

We need not cite the particulars contained in the moving and opposing papers in pointing out where factual disputes may appear. We conclude that the moving and opposing papers generated factual disputes and uncertainties about what was communicated and understood about the proper address for service of any future notices.[2] The judge, at an evidentiary hearing,[3] will have to determine what, if anything, was conveyed by the parties with regard to where future notices were to be sent, and whether the actions taken by plaintiff to effect service of the notice satisfied the rule, the statute, and the requirements of due process.

To be clear about what is to follow, we recognize there is no dispute that at some point prior to the attempt to serve the notice, defendants advised plaintiff that they were moving from

---

[2] It should not be overlooked that prior proceedings were commenced about other lots owned by defendants and in those matters notice was sent to other locations and indisputably received by defendants. Those other events — and the knowledge about plaintiff's intentions regarding all the lots — may bear upon the judge's attempts to ascertain what occurred and whether plaintiff's service efforts comported with the letter or spirit of Rule 4:64-7(c).

[3] The judge may, if sought or warranted, permit discovery on these issues prior to conducting an evidentiary hearing.

New Jersey and they provided plaintiff with a California address — their son's home — where they would be living. There is also no dispute that in 2000 plaintiff forwarded the summons and complaint to defendants at that California address by both certified mail, return receipt requested, and by regular mail. And there is no dispute that the former was returned unclaimed but the latter was not returned, thereby suggesting it was received. If the facts, as illuminated by the evidentiary hearing, demonstrate that that California address might fairly be considered to be defendants' last known address — or a place where, if notice there sent, defendants would have received adequate notice — then the judge may conclude that plaintiff complied with the notice elements contained in Rule 4:64-7(c).

In providing additional guidance, we reject defendants' technical argument that service could only be effective if sent to the Haddonfield address contained in the tax duplicate. That is, defendants argue that Rule 4:64-7(c) requires that notice be sent to the owner "at his or her last known address as it appears on the last municipal tax duplicate" (emphasis added). According to defendants, this means that, to be in compliance, plaintiff could only serve defendants at that Haddonfield address set forth

on the municipal tax duplicate. We disagree.[4] If the judge finds defendants provided a California address and, in so doing, led plaintiff to fairly understand that further notices with regard to this property could be sent to that California address, then the requirements of due process will have been satisfied. <u>See</u>, <u>e.g.</u>, <u>Citibank, N.A. v. Russo</u>, 334 <u>N.J. Super.</u> 346, 352 (App. Div. 2000).

We are also mindful that the considerable delay from the publication, posting and contested service of the notice in 2000 and defendants' 2016 motion for relief may thwart and confound the judge's ability to ascertain the true facts relevant to this dispute. At the evidentiary hearing, the parties may offer evidence to suggest whether it was or wasn't reasonable for defendants to have failed to move for relief at some earlier date. For example, if plaintiff could show that defendants were aware of the property's status a significant period of time before they moved for relief, the judge could conclude that defendants unreasonably delayed in seeking relief. But if it were not reasonable for defendants to have learned of the circumstances until shortly before the filing of their motion, then such a conclusion might

---

[4] We would agree, however, that if the proofs demonstrate that plaintiff served notice at the address on the municipal tax duplicate, then that service would have been adequate.

not be appropriate. These questions — as to which the judge may also permit discovery — must await the judge's opportunity to sift through all the available evidence and assess the witnesses' credibility.

The orders under review are vacated and the matter remanded for an evidentiary hearing in conformity with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-5070-15T4