**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3185-20

THE NATURE USA
CORPORATION and KRIEGER
GLOBAL LIMITED,

      Plaintiffs-Respondents,

v.

ZHONGGANG WANG, individually
and as a former officer and director
of THE NATURE USA CORP.,
A&E AMERICA, INC., CABINET
DEPOT, INC., EVERGREEN
CABINETRY, and ZEN
CABINETRY, LLC,

      Defendants-Appellants.

_____

Submitted June 8, 2022 – Decided June 28, 2022

Before Judges Hoffman, Whipple, and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-4109-17.

Susan C. Warnock, attorney for appellants.

Foley & Lardner, LLP, attorneys for respondents (Anne B. Sekel, on the brief).

PER CURIAM

Defendants Zhonggang Wang (Wang), A&E America, Inc. (A&E), Cabinet Depot, Inc., Evergreen Cabinetry, and Zen Cabinetry, LLC, (collectively defendants) appeal from a May 25, 2021 order denying their motion to dismiss and vacate a judgment for lack of subject matter jurisdiction given plaintiffs' corporate statuses. The trial court denied the motion because a three-year delay was not reasonable, and defendants appeal asserting the trial court erred in failing to consider that subject matter jurisdiction cannot be waived. We vacate the May 2021 order and remand for a statement of reasons, which should include analyses of reasonable timeliness under Rule 4:50-2 and voidness for lack of subject matter jurisdiction under Rule 4:50-1.

Wang was a director and president of plaintiff, The Nature USA Corporation (Nature), which sells cabinetry imported from China. Nature was incorporated in New Jersey on May 28, 2014, when plaintiff Krieger Global Limited (Krieger) formed a shareholder agreement with defendant A&E to govern Nature. A&E's board of directors installed Wang as CEO of Nature. Plaintiffs fired Wang on August 19, 2016.

In July 2017, plaintiffs sued Wang, A&E, Cabinet Depot, Evergreen Cabinetry, Zen Cabinetry, and twenty-five unidentified corporate entities, pleading various counts of breach of contract, unjust enrichment, action on account, breach of fiduciary duty, negligence, fraud, trespass to chattels, and civil conspiracy. Plaintiffs alleged Wang misappropriated over $3 million in inventory and made over 670 self-dealing sales to companies that he either directed or owned. The complaint was properly served on all known defendants. As to corporate status, the complaint specifically said that "Nature US was incorporated under the laws of the State of New Jersey on or about May 28, 2014."

All defendants failed to appear to challenge the complaint, and plaintiffs moved for and secured an entry of default against defendants on March 2, 2018. The court ordered a plenary hearing for damages in June. The court rescheduled for July, all known parties received notice, and plaintiffs appeared and presented evidence. The trial court entered a final default judgment on July 18, 2018, for $5,741,294.99 plus interest, for which defendants were jointly and severally liable. The judgment was served on defendants, and the same was docketed for September 11, 2018. Plaintiffs sought to domesticate the judgment in New York and served Wang and A&E with notice. Defendants' counsel attended the

hearing, refused to enter an appearance on the record, and sought an adjournment.

In September 2019, defendants moved to vacate the July 2018 default judgment under Rule 4:50-1 and included a proposed answer to plaintiffs' complaint and counterclaims claiming excusable neglect under Rule 4:50-1(a) and exceptional circumstances under Rule 4:50-1(f).  The trial court denied the motion as time barred by Rule 4:50-2 and determined that the motion under subsections (a) and (f) of Rule 4:50-1 failed on the merits because attorney carelessness and failing to retain counsel were not excusable neglect.  We affirmed.  Nature USA Corp. v. Wang, No. A-1551-19 (App. Div. Dec. 23, 2020) (slip op. at 5-6).

On February 22, 2021, defendants moved to vacate the July 2018 default judgment as void under Rule 4:50-1(d) because neither Nature nor Krieger was incorporated or authorized to do business in New Jersey when plaintiffs commenced the underlying action in July 2017; thus, neither plaintiff had capacity to bring the claim, and the court lacked subject matter jurisdiction to decide it.  Plaintiffs opposed, asserting various facts to show that Krieger is a foreign company who has no physical presence or business in New Jersey and that Nature was reinstated as a New Jersey corporation as of April 2021.

Nature's corporate charter was revoked on December 16, 2016, for failure to file two consecutive annual reports with the New Jersey State Treasurer. Krieger was the majority shareholder of Nature, but a foreign corporation. Krieger is not registered to do business in New Jersey, but plaintiffs assert that Krieger was not required to register to file a complaint. Plaintiffs blame Wang for his failure to maintain Nature's corporate status in 2016, but Nature did not reinstate its corporate charter until April 1, 2021.

On May 25, 2021, the court denied defendants' motion to dismiss the action and vacate the judgment for lack of subject matter jurisdiction, with only this statement:

> This motion is essentially a motion for reconsideration of a final offer that is already [three] years out of time. Notwithstanding R. 4:49-2, per R. 4:50-2, the motion had to be made within a reasonable time, [three] years is not reasonable.

Defendants appealed and argued that the trial court erred in denying their motion to vacate because its stated reasons were not sufficient under Rule 1:7-4(a) and because the court did not consider that subject matter jurisdiction cannot be waived and can be raised at any time. We agree.

We review de novo whether a court has subject matter jurisdiction as a question of law, Beaver v. Magellan Health Servs., Inc., 433 N.J. Super. 430,

5

437-38 (App. Div. 2013), but we review the trial court's decision on a motion to vacate a default judgment for abuse of discretion and accord it "substantial deference[,]" Deutsche Bank Nat'l Tr. Co. v. Russo, 429 N.J. Super. 91, 98 (App. Div. 2012) (quoting US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012)); see also Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994); Carrington Mortg. Servs., LLC v. Moore, 464 N.J. Super. 59, 67 (App. Div. 2020). We will "find[] an abuse of discretion when a decision [was] 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Guillaume, 209 N.J. at 467-68 (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

"When a trial court issues reasons for its decision, it 'must state clearly [its] factual findings and correlate them with relevant legal conclusions, so that parties and the appellate courts [are] informed of the rationale underlying th[ose] conclusion[s].'" Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 594-95 (App. Div. 2016) (alterations in original) (quoting Monte v. Monte, 212 N.J. Super. 557, 565 (App. Div. 1986)). Without such reasons, a reviewing court does not know whether the judge's decision is supported by the facts and law or is the product of arbitrary action resting on an impermissible basis. See Monte, 212 N.J. Super. at 564-65.

6

Because the trial court did not provide a statement of reasons that addressed the issues raised, we cannot determine whether the court's decision was an abuse of discretion or an incorrect conclusion of law. See In re Tr. Agreement Dated Dec. 20, 1961, ex rel. Johnson & Hoffman, Lienhard & Perry, 399 N.J. Super. 237, 253-54 (App. Div. 2006), aff'd, 194 N.J. 276 (2008). Thus, we are constrained to vacate the May 2021 order and remand for such a statement of reasons on the reasonable time as it relates to the motion to vacate for lack of subject matter jurisdiction.

We acknowledge that defendants could have raised subject matter jurisdiction issues earlier because of either personal knowledge or public accessibility to corporate entity statuses. Nonetheless, subject matter jurisdiction is critical in providing legitimate judgments, which is why it may never be waived. See Murray v. Comcast Corp., 457 N.J. Super. 464, 469-70 (App. Div. 2018). An adequate statement of reasons should acknowledge both timing and merits, which the trial court provided in the previous motion to vacate the July 2018 judgment and which many trial courts have provided in motions to vacate on various grounds. We note, however, that the trial court maintains its discretion in how to provide an adequate statement of reasons. In re Tr. Agreement Dated Dec. 20, 1961, 399 N.J. Super. at 253.

Rule 4:50-1 offers several grounds for relief from final judgment on a motion to vacate, including subsection (a)'s relief for excusable neglect and subsection (d)'s relief when a judgment or order is void.  All motions to vacate under Rule 4:50-1 must be filed within a "reasonable time," R. 4:50-2, regardless of the motion's grounds.  See Citibank, N.A. v. Russo, 334 N.J. Super. 346, 353 (App. Div. 2000).  Under Rule 4:43-3, where a default judgment has been entered, the court may set the judgment aside "in accordance with Rule 4:50[;]" thus, within a "reasonable time," R. 4:50-2.  "[I]f a judgment is void and, therefore, unenforceable, it is a particularly worthy candidate for relief, provided that the time lapse between the entry of the judgment and the motion to vacate the judgment has not been unreasonable and an innocent third party's rights have not intervened."  Coryell, LLC v. Curry, 391 N.J. Super. 72, 80 (App. Div. 2006).

The trial court's two sentences did not make any reasonability of timing findings under Rule 4:50-2.  Moreover, the statement did not address any fact or law relating to subject matter jurisdiction, including whether Krieger's status as a foreign corporation or Nature's retroactive incorporation status in New Jersey provide jurisdiction in this case.  Finally, it failed to acknowledge the relationship between Rule 4:50-2 and Rule 4:50-1.  The trial court, on remand,

shall provide an analysis of <u>Rule</u> 4:50-2 under the totality of the circumstances, which connects to whether the court can vacate under <u>Rule</u> 4:50-1(d) for voidness on jurisdictional grounds.  See <u>Romero v. Gold Star Distrib., LLC</u>, 468 N.J. Super. 274 (App. Div. 2021).

> <u>Rule</u> 4:50-2 provides the time frame within which a motion seeking relief under <u>Rule</u> 4:50-1 must be filed.  The rule states "[t]he motion shall be made <u>within a reasonable time</u> . . . ."  <u>R.</u> 4:50-2 . . . .  [A] reasonable time is determined based upon the totality of the circumstances . . . .
>
> . . . .
>
> [<u>Romero</u> did] not involve a defendant who was unaware of the pending litigation, of a request to enter default, or of entry of a judgment and an amended judgment.  It also [did] not involve a defendant who was deprived of an opportunity to defend. . . .
>
> Even if the original judgment was defective because of an improper or partially named defendant, [defendant] had to file a motion to vacate it within a reasonable time. . . .  [T]he lapse of 359 days after [defendant] learned of the matter was not reasonable under the totality of the circumstances in this case. . . .
>
> [<u>Ibid.</u> at 296-97 (citations omitted) (first and second alterations in original).]

Despite finding the lapse unreasonable, in <u>Romero</u> we followed with a separate discussion of <u>Rule</u> 4:50-1(a)'s excusable neglect standard and the applicable facts, finding no abuse of discretion in the motion court finding no

excusable neglect. Id. at 297-99. Finally, in Romero we addressed Rule 4:50-1(d) separately, agreeing with the motion court that defendant did not show improper service, id. at 299; thus, "because service of process gave sufficient notice to defendant of the lawsuit, the judgment [was] not void, and the motion court properly denied defendant's request for relief under Rule 4:50-1(d)[.]" Id. at 301. In its summary, however, the court only noted that it affirmed the denial of the motion to vacate under Rule 4:50-1(d) and did not note the untimeliness. See id. at 305.

Even before Romero, courts made it clear that raising a jurisdictional issue, like service of process, will not necessarily warrant vacating a judgment. M&D Assocs. v. Mandara, 366 N.J. Super. 341, 351-52 (App. Div. 2004). Moreover, finding a judgment void for any reason will not necessarily warrant vacating the judgment. See Citibank v. Russo, 334 N.J. Super. at 353 (finding that "[e]ven if a judgment is void (and [the court was] satisfied for the reasons previously stated that the default judgment against defendant was not void), a motion to vacate the judgment still must be 'made within a reasonable time.' R. 4:50-2.").

M&D Associates' two-part analysis noted that "defendants ultimately challenge[d] the service, which [was] a jurisdictional issue, but the right to

10

attack the judgment on [that] basis nevertheless may be waived if not brought within a reasonable time." 366 N.J. Super. at 351-52. The M&D Associates court first found the motion was brought within a reasonable time "under the circumstances," then considered voidness for improper service as to each defendant. Id. at 352-56. This two-part analysis was later applied differently in Romero, which first found an unreasonable delay but continued into analyses of excusable neglect and voidness, before it ultimately affirmed denial of the motion to vacate because the judgment was not void. 468 N.J. Super. at 296-97, 299-301, 305.

Thus, we vacate the May 2021 order and remand for a more robust statement of reasons, wherein the trial court must state findings and conclusions as to the totality of the circumstances for reasonable timing for these defendants to bring a motion to vacate for lack of subject matter jurisdiction.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3185-20