**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1837-22

RADIAC RESEARCH CORP.,

    Plaintiff-Respondent,

v.

BERNADETTE PASQUA,

    Defendant-Appellant.

_____

          Argued November 6, 2023 – Decided November 27, 2023

          Before Judges Sabatino and Chase.

          On appeal from the Superior Court of New Jersey, Chancery Division, Warren County, Docket No. C-016022-07.

          Michael Confusione argued the cause for appellant (Hegge & Confusione, LLC, attorneys; Michael Confusione, of counsel and on the brief).

          Eric A. Savage argued the cause for respondent (Littler Mendelson, PC, attorneys; Eric A. Savage, on the brief).

PER CURIAM

Defendant Bernadette Pasqua appeals from a February 22, 2023 order denying her motion to vacate a judgment under Rule 4:50-1(d) and (f), which was entered nine years earlier that ordered the sale of her one-third ownership interest in plaintiff Radiac Research Corporation ("Radiac"). Having considered the record and applicable legal principles, we affirm.

Radiac is a closely held for-profit corporation incorporated and with its principal place of business in New York. Radiac initially had three owners, Ellery Foley, Arthur Green, and John Tekin, each holding equal one-third shares in the corporation. Pasqua was married to Foley, and upon Foley's death in 1997, she inherited his interest.

Radiac is engaged in the highly regulated business of packaging, transporting, and disposing of hazardous and radioactive waste throughout the northeastern United States. Radiac is required to maintain current permits from various federal, state, and local agencies without which it cannot do business. In New Jersey, a form known as A-901 requires in-depth background checks and fingerprinting of company leadership.

From the time Pasqua became executrix of Foley's estate, and continuing through the time she was a shareholder of Radiac, Pasqua refused to cooperate in the execution of documents necessary for the maintenance of the company's

business. As a result, Radiac was unable to secure necessary bonding, access company funds for business transactions, or pursue opportunities for the improvement of the company. Pasqua's conduct risked placing Radiac in jeopardy of losing its licensure and its ability to conduct business in the States of New Jersey, New York and Rhode Island.

In October 2007, Radiac sued Pasqua for refusing to sign filings or provide other necessary information and asked for the court to compel her to sell her one-third share to the remaining shareholders. Pasqua answered the complaint. In October 2008, Pasqua's counsel filed a motion to withdraw as counsel, which was granted, and Pasqua proceeded pro se.[1]

In years following her counsel's withdrawal, Pasqua continued to demonstrate a pattern of uncooperative behavior involving certain disclosures needed for Radiac's benefit. After several instances of court intervention, including the granting of an order to show cause compelling Pasqua to sign disclosures so the A-901 could be filed, and unresponsiveness from Pasqua to

---

[1] Pasqua's attorney submitted a letter to the court as part of his motion to withdraw, which revealed Pasqua had voiced an intention to withdraw from the mediation process with Radiac prior to any lengthy litigation taking place. The letter also discussed Pasqua's failure to cooperate with the attorney, including by returning many of his letters unopened. Additionally, there was an issue regarding Pasqua's refusal to pay counsel fees.

any of Radiac's litigation attempts, the Chancery court entered an order in December 2012. This order compelled the sale of Pasqua's one-third interest in Radiac to the other partners at a price determined by a court-appointed neutral business evaluation expert. In August 2013, the trial court entered a final judgment ordering the sale of Pasqua's interest, valued at $181,179, to Green and Tekin. Pasqua was subsequently paid this amount.

In November 2022, Pasqua filed a motion for relief from the August 2013 final judgment asking the court to vacate or amend the judgment pursuant to Rules 4:50-1(d) and (f). Defendant asserted various grounds for the requested relief including relaxation of the time limitations for the motion due to several circumstances she faced over the years; that the final judgment should be rendered void due to lack of jurisdiction; or, alternatively, that her ownership interest should be given a new valuation using the laws of New York.

In an Order and accompanying Memorandum of Decision dated February 22, 2023, the trial court denied Pasqua's motion to void the final judgment under Rule 4:50-1. The court reasoned the motion was untimely without any excusable neglect, and that Pasqua failed to present any meritorious defenses. The court further determined Pasqua failed to establish a sufficient legal or equitable basis for the requested relief. Pasqua appeals from that order.

I.

Rule 4:50-1 "is designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." Manning Eng'g, Inc. v. Hudson Cnty. Park Comm'n, 74 N.J. 113, 120 (1977). The movant bears the burden of demonstrating a right to relief. Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 425-26 (App. Div. 2003).

All motions to vacate under Rule 4:50-1 must be filed within a "reasonable time," regardless of the motion's grounds. See Citibank, N.A. v. Russo, 334 N.J. Super. 346, 535 (App. Div. 2000). "We have explained that a reasonable time is determined based upon the totality of the circumstances." Romero v. Gold Star Distrib., LLC, 468 N.J. Super. 274, 296 (App. Div. 2021). Previously, this court has noted a litigant's inability to retain counsel is "not such an extraordinary circumstance as to require relief from [a] judgment under Rule 4:50-1." In re Estate of Schifftner, 385 N.J. Super. 37, 45 (App. Div. 2006). Parties are required to move for relief within a reasonable time, which is essential to the proper administration of justice. Jackson Constr. Co. v. Ocean Twp., 182 N.J. Super. 148, 162 (Tax Ct. 1981) (citing Naglieri v. Trabattoni, 14 N.J. Super. 54, 57 (App. Div. 1951)).

 A-1837-22

Relief under subsection (f) of <u>Rule</u> 4:50-1 is available only when "truly exceptional circumstances are present." <u>Hous. Auth. of Morristown v. Little</u>, 135 N.J. 274, 283 (1994) (citation omitted). "The movant must demonstrate the circumstances are exceptional and enforcement of the judgment or order would be unjust, oppressive or inequitable." <u>Johnson v. Johnson</u>, 320 N.J. Super. 371, 378 (App. Div. 1999) (citation omitted). A motion for relief under subsection (f), and subsection (d), where a defendant alleges a judgment is void, must be filed "within a reasonable time . . . ." <u>R.</u> 4:50-2.

We review a trial court's decision to deny a motion to vacate a final judgment under <u>Rule</u> 4:50-1 for abuse of discretion. <u>Deutsche Bank Nat'l Tr. Co. v. Russo</u>, 429 N.J. Super. 91, 98 (App. Div. 2012). "The decision whether to vacate a judgment . . . is a determination left to the sound discretion of the trial court, guided by principles of equity." <u>F.B. v. A.L.G.</u>, 176 N.J. 201, 207 (2003). On appeal, "[t]he decision granting or denying an application to open a judgment will be left undisturbed unless it represents a clear abuse of discretion." <u>Little</u>, 135 N.J. at 283. <u>See also</u> <u>U.S. Bank Nat'l Ass'n v. Guillaume</u>, 209 N.J. 449, 467 (2012) (trial court's determination under <u>Rule</u> 4:50-1 "warrants substantial deference and should not be reversed unless it results in a clear abuse of discretion"). "The Court finds an abuse of discretion when a

6

decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Guillaume, 209 N.J. at 467-68 (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

## II.

Pasqua argues her motion to vacate or void the judgment was filed within a reasonable time, given the totality of circumstances and the type of relief being sought. These circumstances included her claimed inability to afford an attorney or to find an attorney willing to take on her case, a focus on renovating and selling a family vacation home in Blairstown, and her lack of knowledge of any active litigation between her and Radiac. She argues her motion should be accepted as timely because as soon as she was able to successfully retain an attorney, she was made aware of the potential relief available to her, and her subsequent motion demonstrated her efforts to be prompt. Radiac opposes this argument and believes the trial judge was correct in holding that nine years was an unreasonable amount of time under the circumstances.

Pasqua's argument that her delay was due to her inability to afford an attorney is belied by the facts. Pasqua failed to explain why the $181,179 payment she received as part of the August 27, 2013 final judgment could not have been used to retain counsel. Further, Pasqua's reference to renovating the

A-1837-22

Blairstown vacation home fails to justify the nine-year delay, and shows she had funds to retain counsel but chose to ignore the litigation. Her delay demonstrates an indifference to the proper administration of justice and makes it clear she moved at her own convenience. The trial court provided a detailed explanation as to why Pasqua's excuses were not considered to be valid. There was no abuse of discretion by the trial court, and there is no reason to deviate from its findings.

## III.

Pasqua next argues Radiac was not permitted to file its original complaint because, at that time, their certificate of authority required for the company to conduct business in New Jersey had been revoked in April 2007. Pasqua reasons that as a result the final judgment should now be rendered void. In response, Radiac asserts even if it lacked a certificate of authority when filing the initial action, it cured its deficiency and maintained its certificate during the pendency of litigation.

According to N.J.S.A. 14A:13-11(1), "[n]o foreign corporation transacting business in this State without a certificate of authority shall maintain any action or proceeding in any court of this State, until such corporation shall have obtained a certificate of authority." "Compliance with a qualification requirement during the course of trial has been held sufficient for a plaintiff

8

unqualified at the action's inception to avoid being precluded from maintaining suit." Materials Research Corp. v. Metron, Inc., 64 N.J. 74, 77, n.1 (1973). (citing Menley & James Laboratories, Ltd. v. Vornado, Inc., 90 N.J. Super. 404 (Ch. Div. 1966)) ("Although plaintiff had not, at the time this suit was initiated, obtained a certificate authorizing it to do business in New Jersey, such authorization was obtained while the case was being tried. Since plaintiff is now authorized to do business in New Jersey, the statutory impediment is removed.")

The trial judge appropriately distinguished the meaning of the statute from Pasqua's attempted application, stating: "[N.J.S.A. 14A:13-11] bars 'maintaining' an action, and does not bar a company from commencing an action." Radiac was not deficient in maintaining their certificate of authority for years before the litigation, and when they discovered the deficiency, they promptly cured it. This means Radiac was compliant with statutory requirements for more than five years while this litigation took place.

IV.

Pasqua also argues Radiac should not have been permitted to compel the sale of her interest in the company because the litigation commenced in the incorrect forum. Pasqua argues the power to compel a minority shareholder of a New York based corporation to sell an ownership interest rests with the courts

9

of New York, not New Jersey. Pasqua reasons this deprives New Jersey courts of subject-matter jurisdiction. Radiac contends Pasqua was out of time to oppose subject-matter jurisdiction under Rule 4:50-1(d). Radiac points to Pasqua's answer in which she conceded personal jurisdiction, as she was residing in Blairstown and never challenged subject-matter jurisdiction. Radiac reasons this confirmation acts as a waiver to any jurisdictional concerns.

Subject-matter jurisdiction is critical in providing legitimate judgments, which is why it may never be waived. See Murray v. Comcast Corp., 457 N.J. Super. 464, 470, (App. Div. 2018). However, a court can only vacate a final judgment under Rule 4:50-1(d) on jurisdictional grounds if the motion is timely. See Romero, 468 N.J. Super. at 257. We have been clear that raising a jurisdictional issue will not necessarily warrant vacating a judgment. M&D Assocs. v. Mandara, 366 N.J. Super. 341, 351-52 (App. Div. 2004). Moreover, finding a judgment void for any reason will not necessarily warrant vacating the judgment. See Citibank, 334 N.J. Super. at 353 (holding "[e]ven if a judgment is void a motion to vacate the judgment still must be 'made within a reasonable time.' [under] R. 4:50-2.").

Here, the trial court ruled Pasqua was out of time to assert a jurisdictional challenge or any other challenge that might have been available to her earlier in

10

the litigation. The trial court opined "[t]oo much time has passed, and there is no basis whatsoever for allowing [Pasqua] to assert her arguments now." The court concluded that allowing Pasqua to raise these defenses now would prejudice Radiac by forcing them to relitigate these issues. The trial court based its ruling on sound rationale.

V.

In Pasqua's final point, she asserts New York law, not New Jersey law, should have been applied to the valuation of her ownership interest in Radiac. Pasqua argues she would have benefitted from a higher valuation of her interest due to fewer discounts applying under New York law. Pasqua asks us to find the trial court abused its discretion in denying her a new valuation of the interest under New York law.

The trial court found Pasqua too late to assert this argument, all known to her earlier in the litigation, when it was clear Pasqua had elected to not participate in litigation once her attorney withdrew many years prior. Additionally, the trial court reasoned that Radiac's circumstances had changed over the nine years since the final judgment was entered, and Radiac would "almost certainly be prejudiced by having to relitigate these issues now." Pasqua received $181,179 for her interest and has failed to provide any explanation or

11

reasoning that would warrant a relaxation of the timing restrictions for filing under Rule 4:50-1. The trial court gave a rational explanation guided by fairness and principles of equity.

To the extent we have not noted them, all other arguments raised by appellant lack sufficient merit to be discussed in this opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12

A-1837-22