**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0740-22

13 MARION, LLC,

    Plaintiff-Respondent,

v.

ADAMS CONSTRUCTION AND
DEMOLITION, INC.,
SHENANDOAH ADAMS, SR.,
and SHENANDOAH ADAMS, JR.,

    Defendants-Appellants.

_____

        Submitted December 18, 2023 – Decided December 28, 2023

        Before Judges Mawla and Chase.

        On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-1203-20.

        Shay Shailesh Deshpande, LLC, attorneys for appellants (Shay S. Deshpande, on the briefs).

        Post Polak, PA, attorney for respondent (David Lawrence Epstein, of counsel and on the brief; Kathryn A. Kopp, on the brief).

PER CURIAM

Defendants, Adams Construction and Demolition, LLC ("Adams"), Shenandoah Adams, Jr. ("Junior"), and Shenandoah Adams, Sr. ("Senior")[1] appeal from an order denying their motion to vacate default judgment under Rule 4:50-1, which was entered almost two years earlier in favor of plaintiff, 13 Marion, LLC ("Marion"). Having considered the record and applicable legal principles, we affirm.

I.

Adams is a licensed home improvement contractor operated by Junior and Senior. In March 2019, Marion and Adams entered into a contract where Adams agreed to perform construction services for Marion for a sum of $314,244. The contract contained a condition that Marion would obtain a loan commitment at a favorable interest rate. The contract required defendants to submit certain information to prospective lenders. Defendants failed to do so, and a lender withdrew its offer to finance the project. Marion subsequently identified another lender, but despite Marion's repeated requests, defendants again failed to provide the information needed. As a result, Marion was unable to obtain a suitable loan commitment.

---

[1] Because the individuals' last names are the same as the business, and because the individuals' first names are so similar, we refer to them by their suffixes, intending no disrespect.

A-0740-22

In February 2020, Marion filed a complaint in the Law Division for breach of contract and consumer fraud. Marion then filed an affidavit of service, indicating successful service on Adams as a corporation, and Junior and Senior individually. One week later, a claims specialist for Golden State Claims contacted Marion's counsel, identified himself as an administrator for defendants' insurance carrier, and requested proof of service of the complaint and an extension to file a responsive pleading. Marion received no further communications from defendants or their insurance adjuster.

Subsequently, Marion's counsel moved for default judgment due to defendants' failure to answer the complaint within the time limit set forth under Rule 4:6-1(a). In November 2020, the trial court entered default judgment against Adams, Junior, and Senior, jointly and severally, totaling $154,113.25. Defendants were served with the order for default judgment on November 18, 2020.

In September 2021, an information subpoena was served on defendants. In August 2022, Marion filed a motion to enforce litigant's rights, which sought to obtain information via subpoena "regarding the whereabouts of assets in the possession of . . . [defendants], following unsuccessful attempts to secure certified responses." Additionally, Marion sought an arrest warrant in the event

defendants failed to answer the subpoena. In response, defendants filed a cross-motion to vacate the November 2020 default judgment pursuant to Rule 4:50-1.

On September 28, 2022, the trial court denied defendants' motion. The court reasoned the motion was untimely without any excusable neglect, and defendants failed to present any meritorious defenses. The court further determined defendants failed to supply proof of alternate address or other documentation to show lack of service and there was not a sufficient legal or equitable basis for the requested relief. Defendants appeal from that order.

II.

We review a trial court's decision to deny vacatur of a final judgment under Rule 4:50-1 for abuse of discretion. Deutsche Bank Nat'l Tr. Co. v. Russo, 429 N.J. Super. 91, 98 (App. Div. 2012). "The decision whether to vacate a judgment . . . is a determination left to the sound discretion of the trial court, guided by principles of equity." F.B. v. A.L.G., 176 N.J. 201, 207 (2003). On appeal, "[t]he decision granting or denying an application to open a judgment will be left undisturbed unless it represents a clear abuse of discretion." Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994). See also U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (trial court's determination under Rule 4:50-1 "warrants substantial deference and should not be reversed

4

unless it results in a clear abuse of discretion").  "The Court finds an abuse of discretion when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Guillaume, 209 N.J. at 467-68 (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

All motions to vacate under Rule 4:50-1 must be filed within a "reasonable time[,]" regardless of the motion's grounds.  See Citibank, N.A. v. Russo, 334 N.J. Super. 346, 353 (App. Div. 2000) (citing R. 4:50-2).  "We have explained that a reasonable time is determined based upon the totality of the circumstances[.]"  Romero v. Gold Star Distrib., LLC, 468 N.J. Super. 274, 296 (App. Div. 2021).  And motions to vacate default judgments under Rule 4:50-1(a) through (c) must be filed "not more than one year after the judgment . . . was entered[.]"  R. 4:50-2; see also Orner v. Liu, 419 N.J. Super. 431, 437 (App. Div. 2011) (describing one year as "the outermost time limit" for filing).

Defendants argue the trial court erred in denying their motion to vacate default judgment because Marion's failure to effectuate service justified the lack of response to the February 2020 complaint.  Specifically, defendants assert service could not be effectuated at their place of business because Junior and

Senior were not working regularly due to the onset of the COVID-19 pandemic. Defendants next assert both Junior and Senior are far in excess of the heights and weights of the persons described in the affidavits of service. Therefore, the discrepancies in the descriptions warrant a remand to cross-examine the process server and determine whether service occurred.

We glean that defendants' motion was brought on Rule 4:50-1(a) grounds because they argue the trial court should have found Marion did not properly effect service, and so defendants were unaware of the pending litigation, which constituted excusable neglect. Their motion to vacate was thus time-barred under the one-year limitation mandated by Rule 4:50-2.

Additionally, defendants' argument about not being aware of the litigation is belied by the facts. A week after service, a claims adjuster representing Adams' general liability carrier contacted Marion's attorney. This demonstrates defendants had knowledge of the lawsuit and were properly served. Without any evidence to the contrary, the trial court did not abuse its discretion in relying on this information to determine no meritorious defenses existed for defendants' failure to respond.

Defendants' reliance on the onset of the COVID-19 pandemic and additional health issues also does not establish ineffective service, since service

6

occurred prior to lockdown measures being implemented. Moreover, defendants failed to provide any proof of additional addresses where process could have been served. The affidavits of service to Junior, Senior, and the corporation also indicate effective service. The trial court's reliance on this evidence, and defendants' lack of evidence to the contrary, was not an abuse of discretion.

Defendants' argument that the descriptions of persons accepting service on the affidavits did not match the appearances of Junior and Senior fails on its face. The descriptions identify Junior and Senior as individuals <u>over</u> six feet in height and <u>over</u> 200 pounds in weight. Because the descriptions did not list Junior and Senior closer to their purported heights of two to four inches taller than six feet and weights of well over two hundred pounds does not make the descriptions inaccurate or misleading.

All other arguments raised by appellants lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7